*In re* ABYSSINIAN BAPTIST CHURCH.

(*Common Pleas of New York City and County, General Term.*   April 20, 1891.)

RELIGIOUS SOCIETIES—CHANGE OF NAME.

 An order changing the name of a religious corporation, granted under Laws N. Y. 1853, c. 323, and Code Civil Proc. § 2413, authorizing such order where the court is satisfied that "there is no reasonable objection to the petitioner's assuming the name proposed," may be revoked, although there is no statutory provision giving the court that power; and where it appears that a religious body other than the petitioner claims to be the real corporation, and to be entitled exclusively to the name proposed to be changed, an order making the change should be vacated, with leave to renew on notice to all parties interested.

Appeal from special term.

Application of the Abyssinian Baptist Church of the City of New York to change its name to the Antioch Baptist Church of the City of New York. The petitioners appeal from an order vacating an order authorizing such change of name. Laws N. Y. 1853, c. 323, authorizes proceedings by any religious corporation for a change of its corporate name in the manner provided for the change of the name of an individual. Code Civil Proc. N. Y. § 2413, provides, in regard to proceedings to change the name of an individual, that "if the court to which the petition is presented is satisfied thereby, or by proof presented therewith, that there is no reasonable objection to the petitioner's assuming the name proposed, it must make an order authorizing the petitioner to assume that name, on a day specified therein," etc.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Charles F. Moody,* for appellants.   *George M. Curtis,* for respondents.

DALY, C. J.   It appears from the papers in the case that the Abyssinian Baptist Church in the city of New York was incorporated in the year 1859 under the act of the legislature of that year, (Laws 1859, c. 410,) and commenced then to hold its stated services at No. 166 Waverly place, its pastor being the Rev. William Spelman.   In the latter part of the year 1885 differences arose in the church over the management of the pastor, and two parties were formed, one of which having control of a meeting of the congregation deposed the pastor, and sought by legal proceedings to enjoin him from intruding into the pulpit of the church.   These proceedings were subsequently discontinued by consent, the pastor having voluntarily resigned on October 21, 1885; and thenceforward he, with certain members of the congregation, deacons, and trustees, commenced to hold religious services at 167 West Twenty-Sixth street.   From that time there have been two bodies worshipping under the name of "Abyssinian Baptist Church,"—one in the original place of worship in Waverly place, and the other in Twenty-Sixth street.   On October 10, 1889, a body called "The Southern New York Baptist Association," the functions, jurisdiction, and powers of which are not described, and perhaps are not necessarily involved in this controversy, adopted a resolution reciting that its time and patience had been unduly consumed in the matter of the conflicting Abyssinian Churches, and resolved to recognize both of them, if they would assume new names, and refusing to recognize either under the name "Abyssinian."   The Twenty-Sixth street congregation thereupon held a meeting on March 5, 1890, and adopted resolutions reciting that, as they were assured that to drop the name "Abyssinian" and adopt a new name would not annul their right to the church estate in Waverly place, they resolved to drop the said name, and adopt the name "Antioch," and empowered the board of trustees to take proceedings to effect the change.   On June 11, 1890, a petition was presented to this court on behalf of "the Abyssinian Baptist Church of the City of New York to change its name to the 'Antioch Baptist Church of the City of New York,'" giving as a reason for the change that another religious organization of the Baptist faith, now holding services at No. 166

Waverly place in said city, calls itself and is known by the same name as the petitioner; that this occasions much confusion, which the petitioner desires to prevent hereafter, and also to preserve its own identity. The petition also recites the action of the Southern New York Baptist Association, and the resolution of the meeting of the Twenty-Sixth street congregation; and states that "no loss, detriment, injury, or disadventure will result to any individual, corporation, or association of individuals if the prayer of this petition be granted." Thereupon an order of this. court was made *ex parte* on June 17, 1890, authorizing such change of name on and after July 21, 1890, after due advertisement, as required by law. Chapter 323, Laws 1853; chapter 464, Laws 1847; Code, §§ 2410–2418. In November, 1890, the Waverly place congregation, under the name of the "Abyssinian Baptist Church of the City of New York," moved this court upon affidavits to vacate the said order, claiming to be the only religious corporation bearing the disputed name, setting forth that it had worshipped in Waverly place for over 30 years; that its pastor was the Rev. Robert D. Wynn, who was chosen in November, 1885, after the resignation of the Rev. William Spelman; that the court had been imposed upon by the latter's petition; that his congregation had usurped the name of the corporation; and that the order made on his application for a change of name was calculated to affect the legal *status* and name of the Abyssinian Baptist Church. Affidavits in answer were filed by the petitioners, and replying affidavits were submitted, and upon all the papers the court at special term vacated the order for a change of name, with leave to renew the application thereafter on giving proper and legal notice to all parties interested, and on payment of $10 costs to the attorney for the motion. From this order the present appeal is taken. There is no provision of the Code expressly giving the court power to revoke or vacate its order authorizing a change of name, but such power is inherent. Courts of record, proceeding according to the course of the common law, have absolute control of their own orders and judgments, and power to modify or vacate them whenever it is required in the interests of justice. It belongs to the inherent essential powers of the court to exercise so efficient a control over every proceeeding as to effectually protect every person actually interested in the result from injustice and fraud. *Baldwin* v. *Mayor*, 42 Barb. 549; *Lowber* v. *Mayor*, 5 Abb. Pr. 484. In the matter of authorizing a change of name the court is bound to make the order asked for if there is no reasonable objection to the petitioner's assuming the name proposed. If there be a reasonable objection the court may refuse to make the order; and so it is manifest that where an objection exists which has not been fully and fairly brought to the notice of the court, the power to revoke the order must exist, for no record founded upon fraud or imposition or ignorance of the facts can be suffered to remain when the court, either upon its own motion or upon the application of innocent third parties affected thereby, deems it proper to vacate it. In its petition for a change of name the Twenty-Sixth street congregation did not set forth the actual facts with respect to the two bodies claiming to be the Abyssinian Baptist Church. If it had, the court would have seen that there was but one corporation of that name with two congregations claiming to be such corporation, and would, of course, have refused to change the corporate name without proof of corporate authority for so doing, and without fair notice to both parties. This would have led to an inquiry as to whether the body which continued to worship in the original building in Waverly place, or that which opened a place of worship in Twenty-Sixth street, was the original corporation; and the court might have deemed that the fact that the pastor of the latter body, Mr. Spelman, who claimed to be still pastor of the Abyssinian Church, had formally resigned that office to the church in Waverly place before he led his section of the flock to Twenty-Sixth street, was a concession that the Waverly place congregation was the Abyssinian Church;

that he was no longer pastor of it; and that his application assuming to be on behalf of that corporation should be denied. After the order for a change of name was made, these facts were presented to the court by a congregation claiming to be the only corporate body incorporated by the name of the "Abyssinian Church," and supporting its claim by strong proofs. It became apparent that if this body was the corporation it was injured by a record purporting to be granted upon an application of the corporation for a change of its name, and the facts presented to the court showed a reasonable objection to the granting of the original order, viz., that it was possible that the corporation had not asked for it. It was the duty of the court, therefore, to set aside such order, and, while granting leave to renew the application, to provide for notice to a party directly interested as claiming to be exclusively entitled to the name proposed to be changed. The order appealed from should be affirmed, with costs.

With respect to the application of Mr. Mornay Williams to file an affidavit denying certain charges made against him, his application is granted, and his affidavit so filed may be annexed to the record in this case. All concur.