(86 App. Div. 499.)

### BROWN et al. v. BRAUNSTEIN et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. CONTEMPT—DISOBEYING JUDGMENT—PUNISHMENT.

> Where a judgment enjoins defendants from using the system of numbers devised by plaintiffs, or any similar numbers based thereon, to enable customers to order goods from samples by number, they should be punished for contempt in telling customers to order by a system the same as the old, except that in front of each of the old numbers the figure 1 was inserted.

Appeal from Special Term, Kings County.

Action by Oliver C. Brown and another, doing business under the name of the Bent Glass Novelty Company, against Simon Braunstein and another, doing business under the name of the Bent Glass Globe Manufacturing Company. From an order denying a motion to punish defendants as for a contempt, plaintiffs appeal. Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Walter E. Warner, for appellants.

Bennett E. Siegelstein (John D. Nussbaum, on the brief), for respondents.

WOODWARD, J. The plaintiffs, doing business as the Bent Glass Novelty Company, brought this action on the 19th day of January, 1903, to restrain the defendants from using the name "The Bent Glass Globe Manufacturing Company," or other name similar to that in use by the plaintiffs, and also to restrain them from using their designs, patterns, photographs, etc., as well as "from using the numbers devised by the plaintiffs to facilitate their business with customers, set forth in the complaint, or any similar numbers based on such numbers, or upon the system devised by these plaintiffs as aforesaid." The complaint set forth with considerable detail the plan by which the plaintiffs, in developing their business, had put out among the people dealing in their line of goods sample cases displaying the various styles and colors of glass globes, etc., which were indicated by numbers engraved upon the samples, and these were used in ordering the goods; being a much more certain method than a description by colors. The case came on for trial at Special Term, and resulted in a judgment in favor of the plaintiffs granting all of the relief demanded

in the complaint. Among other things, it was provided that the defendants should be perpetually restrained "from appropriating or using the system of numbers (described in the complaint and in the annexed circular of defendants) devised by these plaintiffs exclusively for the conduct of their business with their customers, and also from using any similar number or numbers based upon such numbers, or the system of numbers and samples devised by these plaintiffs," etc. This judgment stands unmodified, and without appeal; but in the face of this mandate of the court, which has been duly served upon the defendants, Simon Braunstein, one of the defendants, has caused to be printed and circulated a circular in which the customer is told that:

"Owing to an injunction obtained against us by the Bent Glass Novelty Co., restraining us from using the name 'Bent Glass Globe M'f'g Co.,' as well as the numbers formerly adopted by us to distinguish the several colors of glass, we hereby inform you that hereafter we will conduct our business under the above firm name. * * * In the future our numbers designating · colors will be known as follows."

Then follows a schedule in the following form:

| Old. | | | New. |
|---|---|---|---|
| No. 1 | will | be | No. 11. |
| 2 | " | " | 12. |
| 3 | " | " | 13. |

This is followed out to embrace the entire list of numbers, or at least up to 45, which is to be known as 145. That is, the old number list, which was the number system of the plaintiffs, is changed by inserting the figure 1 in front of the old number, and the old number is given as the basis of the change; so that, in effect, the defendants, knowing that the court had forbidden the use of the plaintiffs' number system, deliberately reproduced the system in their circular, and tell their customers that in ordering they are to change the old numbers to the new numbers indicated. This enables the defendants, if they may be permitted to pursue this policy, to get all the advantage of the plaintiffs' system, and of their investment in sample cases, in violation of the letter and the spirit of the judgment, which is in exact harmony with the subject-matter litigated, and which the defendants have permitted to become absolute by not taking an appeal or making any effort to have the same modified.

Upon a motion to punish as for a contempt, the learned court at Special Term denied the same, and from the order entered the plaintiffs appeal to this court, urging that, if this order is permitted to stand, it, in effect, deprives them of the benefit of the judgment which they have secured in the orderly course of a judicial proceeding. In this view of the question we fully concur. This question is in no sense similar to that under consideration in Ketchum v. Edwards, 153 N. Y. 534, 47 N. E. 918, where the judgment did not fully point out the limits of a highway which the defendant was forbidden to obstruct, and the court held that he could not be punished for a contempt in permitting an obstruction at a point which was not shown by the judgment to be within the highway. See page 538, 153 N. Y., and page 919, 47 N. E. But in the case now before us the defendants call attention to the injunction and its scope in this very particular, and then deliberately

make use of the number system as the basis for a new series of numbers. In the case cited, and which is called to our attention by the respondents, the court say:

"It is, of course, not subject to debate that the order of a court having jurisdiction must be implicitly obeyed, however erroneous it may be, and that it is no answer for one called upon to answer for disobedience that the order or judgment was broader than the facts warranted, or gave relief beyond what was demanded, or what the court, upon the facts, was justified in awarding. The interest in maintaining respect for the action of courts and of orderly jurisprudence forbids that litigants should be permitted, under plea of hardship or injustice, real or pretended, to nullify or set at nought orders or decrees, however improvidently made, even if it may seem certain that the court acted, in granting them, under misapprehension or mistake."

It seems entirely clear that in the case now before us the defendants are not in a position to urge even the excuses suggested above as unavailing, for the judgment is in entire accord with the demand of the plaintiffs' complaint, and would appear to be in full accord with the equities of that case, although we are not called upon to determine that question. The judgment, until reversed or modified, must be implicitly obeyed. Ketchum v. Edwards, supra. The defendants having, with full knowledge of the judgment, elected to make use of the plaintiffs' figure system of designating the goods which they hoped their customers would order, have offended the dignity of this court. It is true that punishment for contempt rests in a measure upon discretion; but it is a judicial discretion, and the dignity of the court, as well as the interests of litigants, demands that, where the deliberate judgments of the court are set at defiance, punishment shall follow upon the transgression.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion remitted to the Special Term for proceedings in accordance with this opinion. All concur.

