## DANZIGER et al. v. GOTTLIEB.

(Supreme Court, Appellate Division, First Department.  May 16, 1913.)

TRADE-MARKS AND TRADE-NAMES (§ 97*) — INJUNCTION — VIOLATION — CON-
TEMPT.

Both the dignity of the court and the rights of a party at whose in-
stance an injunction is issued require that it be fairly observed, and a
plain evasion should be punished, as well as a direct violation.  Conse-
quently a defendant, who was enjoined from in any manner using the
name "Lenox" in connection with the manufacture and sale of waists,
may be punished for contempt, where he merely changed the name of his
business, "Lenox Waist Mfg. Co.," to "Lenox Dress Mfg. Co.," and under
that name and at the same place sold waists manufactured at another
point, even though such waists were designated by tags containing the
word "Preferential."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. §§ 110, 111;  Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by Charles S. Danziger and another against Joseph Gottlieb,
doing business as the Lenox Waist Manufacturing Company.  From
an order denying their motion to punish defendant for contempt,
plaintiffs appeal.  Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Otto C. Sommerich, of New York City (Maxwell C. Katz, of New
York City, on the brief), for appellants.

Charles Eno, of New York City, for respondent.

LAUGHLIN, J.  On the 2d of May, 1913, this court reversed an
order denying a motion to punish the defendant for contempt, and
granted the motion, and imposed a fine and costs.

The contempt for which the defendant was then fined, and on which
the second application to punish him was based, was for violating the
final judgment herein whereby it was—

"ordered, adjudged, and decreed that the defendant, his agents, servants, and
attorneys, be and they and each of them are hereby permanently enjoined
and restrained from in any way or manner using the name 'Lenox' in con-
nection with the manufacture and sale of waists, and from using the name
'Lenox' upon any tags, stationery, cards, or other things, or signs of the de-
fendant in connection with the manufacture and sale of waists."

The defendant was then doing business under the name "Lenox
Waist Manufacturing Company."  The first proceeding to punish him
for contempt was based on a violation of said decree by continuing
to do business under the same name.  Subsequent to the entry of the
decree the defendant changed the name of his business to "Lenox
Dress Manufacturing Company," and continued it at the same place
under that name.  He then ceased to manufacture waists as separate
garments at that place;  but he continued to sell waists there which
he had manufactured at another place and designated by tags attached
thereto as "Preferential" waists.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Both the dignity of the court and the rights of a party at whose instance an injunction is issued require that it shall be fairly observed; and the court may and should punish a plain evasion, as well as a direct violation thereof. Mayor v. N. Y. & S. I. Ferry Co., 64 N. Y. 622; Brown v. Braunstein, 86 App. Div. 499, 83 N. Y. Supp. 798; Hildreth v. McCaul, 70 App. Div. 615, 74 N. Y. Supp. 1075; Devlin v. Devlin, 69 N. Y. 212, 25 Am. Rep. 173; Fischer v. Blank, 81 Hun, 579, 31 N. Y. Supp. 10. The manufacture and sale of *dresses,* which includes waists, either as separate garments or united with skirts, under the name "Lenox Dress Manufacturing Company," was a plain violation of the decree, as was likewise the sale of waists at a place of business conducted under the name "Lenox Dress Manufacturing Company," notwithstanding the fact that the waists were manufactured elsewhere and were tagged with the name "Preferential." It is inconceivable that the defendant could have acted in good faith toward the decree of the court in thus continuing business; and the inference is irresistible that in defiance of the decree of the court he refused to discontinue the use of the name "Lenox," and determined to secure whatever advantage or prestige he could in the use of that name in his business in manufacturing and selling waists, either as separate garments or attached to skirts and forming parts of dresses.

It follows that the order should be reversed; with $10 costs and disbursements, and the motion granted, with $10 costs, and that a formal order should be entered adjudging defendant guilty of contempt of court and fining him $250 therefor, and providing that he shall stand committed until the same is paid. All concur.

