(156 App. Div. 739.)

BERNHARD v. BERNHARD et al.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

1. TRADE-MARKS AND TRADE-NAMES (§ 73*)—UNFAIR COMPETITION—RIGHT TO USE OF NAME.

A retail tailoring merchant, having assumed the name of his brother, who had legally adopted the name of B., may not enjoin his brother's wife and another, as partners, from conducting the same kind of business in the same block in the name of B. & Co., or B. and the name of the partner, in the absence of unfair competition otherwise.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. § 73.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRADE-MARKS AND TRADE-NAMES (§ 97*)—UNFAIR COMPETITION—IMITA-
TION OF STORE FRONT.

   Where it was admitted that retail tailoring merchants under the name
of B. & Co. imitated the store front of a brother of B. in the same busi-
ness in the same block, and in addition represented that the firms were
connected, when in fact B. of the firm was the wife, and B. himself an
employé, it is proper, in an injunction suit, to decree that the wife must
prefix her first name whenever used in relation to the business, and for-
bid any further representations concerning the connections of the two
places of business.

   [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. §§ 110, 111; Dec. Dig. § 97.*]

   McLaughlin and Dowling, JJ., dissenting in part.

Appeal from Special Term, New York County.

Injunction suit by Paul Bernhard against Martha Bernhard and
Michael Riegel. From the decree rendered, defendants appeal. Modi-
fied and affirmed.

See, also, 150 App. Div. 926, 135 N. Y. Supp. 1100.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, DOWLING, and HOTCHKISS, JJ.

David Leventritt, of New York City, for appellants.

Otto Horwitz, of New York City (Frederick L. Guggenheimer, of
New York City, on the brief) for respondent.

LAUGHLIN, J. This is an action for an injunction to prevent un-
fair competition. The plaintiff's surname was Gambitzky. He emi-
grated to this country in the year 1880. His brother Max, who was
about 20 years older and had come over 11 years earlier, had been
employed by or engaged in business with others as a merchant tailor
in the city of New York, and had obtained for or given employment
to the plaintiff with him, opened a merchant tailoring store on the
Bowery alone about the year 1887, and the plaintiff entered his em-
ploy there. About six months later, plaintiff's brother legally changed
his name to Bernhard, and continued his business under that name.
The plaintiff thereupon assumed the name Bernhard, without, so far
as appears, having complied with the requirements of law authorizing
a change in name, and from that time on they have both been known
by that surname. The defendant Bernhard is the wife of the plain-
tiff's brother Max, and the defendant Riegel is her copartner in busi-
ness. Max Bernhard thereafter conducted the business of a merchant
tailor at different places in the city of New York under the name
"Bernhard," and from time to time, when he failed, the business was
conducted in that name by his wife, or by their son, or in the name
of the son and one of their relatives, who were held out as the osten-
sible proprietors.

The plaintiff learned the trade of cutting and trimming and tailor-
ing in all its branches, from his brother Max, with whom he resided
and in whose employ he remained until about the year 1899. At that
time the business which his brother and the defendant Bernhard had
been conducting was being continued at No. 533 Sixth avenue, os-

tensibly by their son and one Strauss, their nephew and an employé under the name of Strauss. The name under which the business was conducted was subsequently changed to "Yorkshire," and the business was continued at the same place in that name three or four years, until about the year 1904 or 1905, without the use of the name "Bernhard"; but the plaintiff's brother remained the active man in the business. Thereafter the business was continued on Third avenue, near 129th street, under the name "Bernhard" for about six months, after which it was conducted in the name "Yorkshire" again, and Strauss was held out as the proprietor; and after about six months the business was conducted in the name "Bland" for a few months, and then it was continued on Sixth avenue, between Forty-First and Forty-Second streets, for two years under the name "Martin," and thereafter on Forty-Second street, between Fifth and Sixth avenues, under the name "Morton" until 1910; but the defendant Bernhard was held out as the owner at the two last named places.

When the plaintiff left his brother's employ, he opened a merchant tailor store on Third avenue, between Sixty-Ninth and Seventieth streets, and conducted business there for about three years under the name "Bernhard," and in the year 1902 he removed to No. 148 East 125th street, where he has continued business as a merchant tailor under the name "Bernhard" ever since. He advertised his business extensively and has been very successful. His gross receipts increased from about $15,000 the first year to about $110,000 in the year 1911; but there was a marked decrease in the volume of his business after the defendants came into competition with him as hereinafter stated. The defendant Riegel entered the plaintiff's employ in the East 125th street store in March, 1908, as a salesman and buyer, and remained in his employ until the 31st of December, 1910. He then determined to embark in business for himself, and in looking about for a partner and a store he called at the defendant Bernhard's place of business on Forty-Second street in the month of January, 1911, and had an interview with her husband, and negotiations were thereupon opened between the defendants with a view to becoming partners in business. They entered into a copartnership agreement for conducting business as merchant tailors under the name "Bernhard & Co." The plaintiff's store was on the southerly side of East 125th street the second door east of Lexington avenue. The defendants rented a store at No. 190 East 125th street, which was the second door west of Third avenue and on the same side of the street and in the same block as the plaintiff's store. About the 1st of February, 1911, and before commencing business there, the defendants placed an advertisement in the window of the store as follows:

"Wait and Watch. Bernhard & Company, the well-known tailors, will open this store on or about March 1st, with the finest line of imported and domestic up to date woolens in the city at popular prices. It will pay you to wait; don't buy now."

Thereafter they changed the store front in imitation of the plaintiff's store, with the exception that they placed the name "Bernhard & Co." in places corresponding to those in which the plaintiff adver-

tised his business as "Bernhard," and with the further exception that the plaintiff's sign was on a line with the store front, and their sign was in the form of a triangle, projecting from the store front, as its base. The defendants opened business at this store, and as found by the trial court, on evidence warranting the finding, they so conducted business as to lead their patrons and the public to believe that they were connected with, or constituted a branch of, the plaintiff's business, and located in business there with that end in view, and further represented, in effect, that the defendant Bernhard was Paul Bernhard, the plaintiff, who had been conducting business in that locality. The plaintiff was damaged thereby, as found by the trial court, in the sum of $500. These findings are not challenged on the appeal.

This action was commenced the latter part of March, 1911, to enjoin the defendants from using the name "Bernhard," or "Bernhard & Co.," in connection with the sale of men's clothing, in the city of New York, "without the full first name of the defendant Martha Bernhard prefixed to the said name 'Bernhard,'" to designate that she is not the plaintiff, and to enjoin the defendants from continuing to imitate the plaintiff's store front, and to enjoin them from selling or offering for sale men's clothing bearing the name "Bernhard," without the given name of the defendant Bernhard prefixed thereto in such manner as to show that it is not the merchandise of the plaintiff, and for an accounting and damages. The plaintiff obtained a temporary injunction, in accordance with the prayer of the complaint. The defendants thereupon changed their firm name to "Bernhard & Riegel," and substituted that name on the advertisement on the store front for the former firm name, and they have since continued their business in that name only. The plaintiff then moved to punish the defendants for contempt of court in thus conducting business under the name "Bernhard & Riegel." The motion was denied, and on appeal this court affirmed the order without opinion. Bernhard v. Bernhard & Riegel, 150 App. Div. 926, 135 N. Y. Supp. 1100.

The trial court found, as conclusions of law, that the use of the name "Bernhard" by the defendants in connection with the merchant tailoring business in the vicinity of the plaintiff's store, whether used alone or in connection with any other name or designation, constitutes unfair competition with the plaintiff, and that the plaintiff was entitled to an injunction forever restraining the defendants from using the name "Bernhard," or "Bernhard & Riegel," and from using the name "Bernhard," either alone or with any other phrase or name, in connection with the sale of men's clothing, or the merchant tailoring business, on East 125th street, between the easterly line of Seventh avenue and the westerly line of Third avenue, and from making any representations or statements, expressly or by implication, that any store of theirs is a branch of, or is connected with, the business of the plaintiff, and to a judgment for $500 damages, together with costs and disbursements. The judgment follows the decision.

[1] The appellants do not object to those parts of the judgment which enjoin the defendants from representing that their business is a branch of, or is connected with, the plaintiff's business, and award dam-

ages and costs to plaintiff; but they contend that, in so far as the judgment enjoins them from using the name "Bernhard," or "Bernhard & Riegel," it is unwarranted. We are of opinion that the judgment, in so far as it is challenged by the appeal, cannot be sustained. The defendant Bernhard has the same right to use her name in the merchant tailoring business as has the plaintiff; and the defendant Riegel has a lawful right to engage in that business in his own name, or in the name of a copartnership of which he is a member. The learned trial court has gone beyond any authoritative adjudication within this jurisdiction in attempting to enjoin the defendants from conducting business in their own names or as copartners in a *specified territory:* The law is well settled in this jurisdiction that any person has a lawful right to use his own name in conducting any lawful business, and, excepting in certain cases, where for a valuable consideration he has contracted not to engage in business in his own name, such use cannot be wholly enjoined as to any place, even though he has abused this right with a view to obtaining customers dishonestly, and that such abuse is to be prevented by *regulating* the manner in which one may conduct business in his own name, and not by *prohibiting* him altogether from conducting such business. World's Dispensary Medical Ass'n v. Pierce, 203 N. Y. 419, 96 N. E. 738; Meneely v. Meneely, 62 N. Y. 427, 20 Am. Rep. 489; Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 25 Sup. Ct. 609, 49 L. Ed. 972.

[2] It is, however, within the province of the court to prevent unfair competition in business, even in the use of one's own name, and it has full authority and jurisdiction to do so, by so regulating such use that the public will not be deceived, and that customers of another will not be fraudulently obtained, and may enforce strict and honest observance of such regulations, both in letter and spirit, by punishing violations thereof as contempt of court. In the case at bar, since it satisfactorily appears that the defendants have abused their right and privilege of conducting business in the copartnership name which they adopted, and have attempted to obtain the plaintiff's trade, and have succeeded in part in so doing, it is eminently proper that the court should so regulate the manner in which they may conduct business as to prevent a repetition of these wrongs.

In the circumstances, we are of opinion that the defendants, and each of them, and their and each of their agents, servants, and employés, should be enjoined and restrained from conducting or continuing in any manner to advertise their business in the name "Bernhard & Riegel," without prefixing thereto the given name of the defendant Bernhard, or in any other name embracing the name "Bernhard," without prefixing the defendant Bernhard's given name to the surname Bernhard, and that the provisions of the judgment restraining defendants from representing that they are a branch of, or connected with, the plaintiff's business, should be enlarged so as to enjoin them and each of them, and their and each of their agents, servants, and employés, from in any manner representing, or holding out, or leading the public or their customers to understand or infer, that their business is connected with that of the plaintiff, or that it is the busi-

ness formerly or now conducted by the plaintiff at No. 148 East 125th street, or that the defendant Bernhard, or her husband, Max Bernhard, who is in the employ of the defendants, is the Bernhard who has been or is so conducting business at No. 148 East 125th street, and, as so modified, the judgment should be affirmed, without costs.

INGRAHAM, P. J., and HOTCHKISS, J., concur. McLAUGHLIN and DOWLING, JJ., dissent, and vote for the affirmance of the judgment.