(159 App. Div. 291.)

### OSTERHOUDT v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Third Department.   November 26, 1913.)

1. CONTEMPT (§ 20*)—WHAT CONSTITUTES.

Where the defendant had been directed by an order of the County Court to produce documents necessary for plaintiff to maintain his case and that judgment had been affirmed on appeal, defendant's contumacious refusal to produce some of the documents renders him guilty of contempt of court requiring punishment.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62;  Dec. Dig. § 20.*]

2. CONTEMPT (§ 66*)—APPEAL—LAW OF CASE.

Where an order of the County Court directing defendant to produce documents was affirmed on appeal, it established the law of the case, and the County Court thereafter cannot hear new excuses for defendant's failure, nor can such excuses be urged on appeal in a contempt proceeding.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 213–215, 223–237;  Dec. Dig. § 66.*]

3. CONTEMPT (§ 70*)—PUNISHMENT—DISCRETION OF COURT.

While the penalty for contempt rests in the discretion of the court, the County Court cannot relieve a defendant, who violated its order requiring the production of documents, which was affirmed on appeal, from any penalty.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 246;  Dec. Dig. § 70.*]

4. CONTEMPT (§ 66*)—APPEAL—DETERMINATION.

Under Code Civ. Proc. § 1317, declaring that upon appeal from a judgment or order the Appellate Division may reverse, affirm, or modify the judgment or order appealed from, the Appellate Division has jurisdiction, on appeal from an order of the County Court refusing to punish defendant for contempt and to strike its answer, to render the judgment which should have been rendered below.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 213–215, 223–237;  Dec. Dig. § 66.*]

Smith, P. J., and Kellogg, J., dissenting.

Appeal from Ulster County Court.

Action by Dory Osterhoudt against the Prudential Insurance Company of America.   From an order of the County Court denying plaintiff's motion to adjudge the defendant in contempt and to strike out defendant's answer and for judgment as upon a default in pleading, plaintiff appeals.   Reversed.

See, also, 149 App. Div. 907, 132 N. Y. Supp. 1140.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

N. Frank O'Reilly, of Kingston (John D. Eckert, of Kingston, of counsel), for appellant.

William D. Brinnier, of Kingston, for respondent.

HOWARD, J.   This action, which is on a life insurance policy, was first tried in the Kingston City Court; it resulted in a judgment for the plaintiff.   On appeal to the County Court the plaintiff again procured a judgment.   This judgment was reversed on the law and the

---

facts by the Appellate Division and a new trial was ordered. Before proceeding to trial again, the plaintiff thought it necessary to procure certain .documents or copies thereof alleged to be in the possession of the defendant.· An order directing the defendant to produce these documents or ·show cause why they were not produced was issued by the county judge. The defendant did not produce the documents or show satisfactory cause for their nonproduction, and the County Court, being convinced of the necessity for the papers and the insufficiency of the defendant's excuses, issued an order directing the defendant to serve copies of the papers or some of them upon the plaintiff. The defendant appealed from this order, but the Appellate Division unanimously affirmed the determination of the County Court, whereupon the defendant served copies of several of the papers which it had sworn it could not serve but neglected to serve copies of several others; those not served being those most important to the plaintiff's contention. The plaintiff thereafter obtained from the County Court an order directing the defendant to show cause why it should not be adjudged in contempt for failing to serve all the papers and why its answer should not be stricken out and why the plaintiff should not have judgment as upon default. The County Court refused to adjudge the defendant guilty of contempt or strike out the answer or grant judgment by default and in all things denied the plaintiff's motion. An appeal from this order presents the matter to this court.

[1] The defendant was clearly in contempt. After a full hearing on the question before the County Court that court ordered copies of certain papers to be served. An appeal to this court resulted in an unanimous affirmance of the order of the County Court. This order of the court below, affirmed by the Appellate Division, became the law. It -was the duty of the defendant to obey this law; its failure to do so was a contempt for the mandate of the court. No excuses are now available and the defendant must suffer some of the penalties for its defiance of the court else the dignity of the court must suffer. Unless the court compels obedience to its orders, its orders are nullities.

[2] The determination of the Appellate Division in this instance was binding upon the County Court. It was not for the County Court to hear over again these same excuses; its only duty was to compel obedience to the law. That a County Judge, other than the one who granted the first order, sits upon the bench in no manner alters the situation. Neither can this court at this time hear again the defendant's reasons for not producing the papers or consider the merits of the original controversy. The law has been established; it must now be observed.

[3] The County Court had discretion as to what penalty it would impose, but its discretion did not go to the extent of refusing to impose any penalty. As was said by Judge Woodward in Brown v. , Braunstein, 86 App. Div. 499, 83 N. Y. Supp. 798:

"It is true that punishment for contempt rests in a measure upon discretion, but it is a judicial discretion, and the dignity of the court, as well as the interests of litigants, demands that, where the deliberate judgments of the court are set at defiance, punishment shall follow upon the transgression."

[4] This court has power to do what the County Court should have done. Code Civ. Proc. § 1317; Wallace v. Wallace, 140 App. Div. 800, 125 N. Y. Supp. 561. It therefore follows that the order appealed from should be reversed, with $10 costs and disbursements and the costs of the motion below; and that an order should be entered striking out the defendant's answer and directing that a judgment be entered in favor of the plaintiff against the defendant as upon a default in pleading. All concur, except SMITH, P. J., and KELLOGG, J., who dissent.