LUCILE LIMITED, NEW YORK AND PARIS, Appellant, *v.* LUCILLE SCHRIER and BYRDIE LEVY, Respondents.

First Department, April 30, 1920.

**Injunction — suit to enjoin use of trade name — temporary injunction granted.**

Appeal from an order enjoining the defendants *pendente lite* from using any script form of the word " Lucille " in their trade name " Lucille-Byrd," and denying the plaintiff's application that the defendants be enjoined from using the word " Lucille " or any part thereof in connection with their business. It appeared that " Lucile " was a trade name used by the plaintiff for many years, and which had become recognized throughout the civilized world, while the defendants who carried on a similar business in the same locality as the plaintiff, claimed a right to use the name, it being the first name of one of the members of the defendants' firm. On all the evidence *held*, that the defendants should be enjoined *pendente lite* from continuing the use of the trade name " Lucille-Byrd," but that they might use the name " Lucille Schrier " alone or in conjunction with the name of the other partner.

APPEAL by the plaintiff, Lucile Limited, New York and Paris, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of December, 1919, enjoining the defendants *pendente lite* from using any script form for the word " Lucille " in their trade name " Lucille-Byrd " and denying the application of plaintiff that the defendants be enjoined from using the word " Lucille " or any part of said word in connection with their business.

*Maurice Bloch* of counsel [*John A. Mullen* with him on the brief; *Mullen & Bloch*, attorneys], for the appellant.

*Emanuel Friedman*, for the respondents.

GREENBAUM, J.:

This is an appeal from an order restraining the defendants *pendente lite* from using the word " ' Lucille ' in their trade name, ' Lucille-Byrd.' "

The learned Special Term justice granted the order merely to the extent that the defendants were not to use the word " Lucille " in any manner in their business in form and script

adopted by plaintiff and that the word "Byrd" should at all times appear on the same line with the word "Lucille" in type of similar kind and prominence.

The appellant claims that the injunction was not broad enough and that the respondents should be restrained from using the trade name "Lucille-Byrd."

The facts are that plaintiff is a corporation known as Lucile, Ltd., New York and Paris, having its place of business at No. 37 West Fifty-seventh street in New York city. It has been engaged in the business of making, buying and selling all sorts of ladies' gowns and wearing apparel for the past twenty years and has been accustomed to being called by the public "Lucile," a name which has become recognized throughout the entire civilized world to be the trade name of this plaintiff.

The defendants are a partnership under the name of Schrier & Levy and they claim that their trade name Lucille-Byrd is made up of the first name of Miss Schrier and the first syllable of Byrdie, the first name of the other defendant Levy. There is no evidence of any persons having been deceived as yet by the use of this trade name, but it is apparent that the name has only been used for a short time as a trade name and was only registered after this action was commenced.

It is not necessarily an objection to the granting of an injunction order that no evidence was adduced to show that any person had actually been deceived by the imitation of the plaintiff's trade name. In *T. A. Vulcan* v. *Myers* (139 N. Y. 364) the court said: "It is the liability to deception which the remedy may be invoked to prevent. It is sufficient if injury to the plaintiff's business is threatened or imminent to authorize the court to intervene to prevent its occurrence. The owner is not required to wait until the wrongful use of his trade mark has been continued for such a length of time as to cause some substantial pecuniary loss."

There is no doubt of the correctness of this statement of the law. The only question now is whether there is sufficient evidence to hold upon the admitted facts that the trade name Lucille-Byrd is calculated to entrap the unwary into thinking they are dealing with plaintiff's firm. It seems to me that the use of the first syllable of Byrdie Levy's name, coupled

with the entire first name of Lucille Schrier indicates the intention to reap the benefit of the long-established reputation of the plaintiff by deceiving the purchasing public into thinking that the Lucille-Byrd is really the genuine establishment of " Lucile," the plaintiff. This conclusion is strengthened by the circumstance of the close proximity of the plaintiff's business to that of the defendant on Fifty-seventh street.

There is a line of cases such as *Bernhard* v. *Bernhard* (156 App. Div. 739, 744) in which this court, LAUGHLIN, J., writing, held: " In the circumstances we are of opinion that the defendants and each of them and their and each of their agents, servants and employees should be enjoined and restrained from conducting or continuing in any manner to advertise their business in the name ' Bernhard & Riegel,' without prefixing thereto the given name of the defendant Bernhard, or in any other name embracing the name ' Bernhard.' * * *"

The same rule was recognized in *World's D. M. Assn.* v. *Pierce* (203 N. Y. 419, 425). In that case the court held: " We have concluded that due and adequate protection will be afforded to the plaintiff and the public if the defendant is enjoined additionally from using the words ' Pierce ' or ' Pierce's ' in advertising, describing, designating, labeling or selling his proprietary remedies unless said word be immediately preceded on the same line therewith by defendant's first or proper christian name and his middle name or the initial letter thereof in letters identical in size, color, style of type and conspicuousness with those of said word, so that said word shall not appear for any of the purposes aforesaid except when thus conjoined with the words ' Robert J.' or ' Robert ' followed by the middle name of the defendant."

The order should be modified by enjoining the defendants from continuing the use of the trade name Lucille-Byrd, but allowing the defendants to use the name Lucille Schrier alone or in conjunction with her partner's name, in letters of the same style, type, color and conspicuousness, and as so modified the order should be affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, without costs. Settle order on notice.