PANSY WAIST CO., INC., Appellant, *v.* PANSY DRESS CO., INC., Respondent.

First Department, December 1, 1922.

Corporations — name — action to restrain defendant from using its corporate name — word " Pansy " was registered in United States Patent Office by plaintiff's predecessor in business and was registered by plaintiff as trade mark for dresses and costumes — plaintiff was extensively known to the trade as " Pansy Dress Co." — name of two corporations similar and caused confusion — acceptance of defendant's certificate of incorporation by Secretary of State no defense — injunction pendente lite granted.

In an action to restrain the defendant from using its corporate name on the ground that it was similar to plaintiff's corporate name and caused confusion, it appeared that the plaintiff's predecessor in business assumed the trade name and style of " Pansy Waist Co., Inc.; " that he thereafter registered the word " Pansy " in the United States Patent Office; that the plaintiff acquired the sole ownership of its predecessor's business, including its trade marks and trade names and later registered the word " Pansy " as a trade mark for dresses and costumes; that plaintiff was extensively known to the trade as " Pansy Dress Co.;" that plaintiff has for several years been selling dresses as well as waists, and that such dresses were sold under the registered trade name " Pansy;" that the defendant, which was incorporated in January, 1922, was engaged in the business of manufacturing, buying and selling dresses in the same general locality in the city of New York as plaintiff.

*Held*, that the two names are similar and that the defendant's name is calculated to confuse and deceive purchasers in the belief that the Pansy dresses of the

defendant are those which the plaintiff is selling, and an injunction *pendente lite* should be granted.

The fact that the Secretary of State accepted defendant's certificate of incorporation containing a corporate name similar to that of plaintiff is not conclusive of defendant's right to use its name, and does not constitute a defense in this action.

DOWLING, J., dissents.

APPEAL by the plaintiff, Pansy Waist Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of July, 1922, denying its motion for a temporary injunction restraining the defendant from using its corporate name.

*I. Gainsburg* of counsel [*Joseph Force Crater* with him on the brief], for the appellant.

*Charles Fredericks* of counsel, for the respondent.

GREENBAUM, J.:

Plaintiff is a domestic corporation organized in March, 1915, to carry on the business of manufacturing and selling women's waists, dresses and knitted goods. It is the successor of the business established by one Abraham Solomon in 1876, who in 1908 assumed the trade name and style of Pansy Shirt Waist Company.

In 1910, following the death of Abraham Solomon, the business was conducted by his widow, who in May, 1910, registered the word " Pansy " in conjunction with the representation of the flower, pansy, in the United States Patent Office.

In 1915 the plaintiff corporation acquired the sole ownership of the business, including its trade marks and trade names, and thenceforth conducted business under the name of " Pansy Waist Co., Inc." On November 15, 1921, the name " Pansy " was registered by plaintiff as a trade mark for dresses and costumes, in the United States Patent Office, upon an application filed in February, 1921. Plaintiff's place of business is in New York city, and it is alleged that it has upwards of 3,000 customers throughout the United States and Canada, and that its annual sales aggregate $1,000,000. It also appears that since 1917 plaintiff has been selling dresses under the trade mark " Pansy," and that it is extensively known to the trade as " Pansy Dress Co."

Defendant is a domestic corporation doing business under the name of the " Pansy Dress Co., Inc.," whose certificate of incorporation was executed on December 23, 1921, and filed in the county clerk's office, New York county, on January 4, 1922. The purposes of the corporation, according to its certificate, are the manufacture, buying and selling of dresses, skirts and clothing. It was organized by Jacob Lipschitz and Max Lustberg, who had

theretofore been engaged in the business of manufacturing, buying and selling dresses under the name of Lustberg & Lipschitz. Its place of business is in the same general locality in New York city as that of plaintiff. Plaintiff, having learned of the incorporation of defendant about January 15, 1922, at which time defendant had not yet actively undertaken to do business under its firm name, promptly notified the defendant that its corporate name was an infringement upon the rights of plaintiff, and exhibited to its officers and attorneys the certificate of registration of the name " Pansy " as a trade mark for dresses and costumes.

The word " Pansy " was an arbitrary name selected by the plaintiff's first predecessor, and it was continuously used by successive owners. The only difference between the names of the respective parties is that the defendant substituted the word " Dress " for the word " Waist."

In *Danziger* v. *Gottlieb* (156 App. Div. 779) an injunction had been granted restraining the defendant from doing business under the name of " Lenox Waist Mfg. Co.," or from " in any way or manner using the name Lenox in connection with the manufacture and sale of waists and from using the name Lenox upon any tags, stationery cards or other things, or signs of the defendant in connection with the manufacture and sale of waists." The defendant thereupon changed the name of his business to " Lenox Dress Mfg. Co.," on the supposition that the use of the word " dress " in substitution for the word " waists " was not a violation of the injunctive order of the court. But this court stated: " The manufacture and sale of *dresses*, which includes waists either as separate garments or united with skirts, under the name Lenox Dress Manufacturing Company, was a plain violation of the decree," etc.

The uncontradicted affidavits submitted in behalf of the plaintiff established that for five years past it had been selling dresses as well as waists, and that such dresses were sold under the registered trade name " Pansy," and were known to the trade in general as " Pansy Dresses." Plaintiff, in its advertising, featured its dresses as " Pansy Dresses." By reason of the association of the name " Pansy " with the dresses sold by plaintiff, it became widely known to its customers as " Pansy Dress Company," as evidenced by numerous letters, which are exhibits in the case, which were intended for plaintiff, addressed to it as " Pansy Dress Co."

There can be no doubt as to the similarity of the two names and that the defendant's name is calculated to confuse and deceive purchasers into believing that the Pansy dresses of the defendant are those which plaintiff is selling.

Defendant's contention is that the right to use its corporate name was acquiesced in by the Secretary of State.

In *People ex rel. Columbia Co.* v. *O'Brien* (101 App. Div. 296) the court stated: " Where a certificate is filed with the same name as that of an existing corporation, or where the name so nearly resembles that of the existing corporation as to be calculated to deceive, the action of the Secretary of State is not conclusive and the courts have frequently by a judgment in equity granted relief to a prior corporation aggrieved."

Defendant further contends that its name was innocently used. Assuming that to be true, it is nevertheless misleading and confusing and calculated to deceive. Besides, its attention was called to plaintiff's rights a few days after its certificate of incorporation was filed, and with full knowledge of that fact it started up and continued its business under its corporate name.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion for an injunction *pendente lite* is granted.

CLARKE, P. J., SMITH and PAGE, JJ., concur; DOWLING, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted. Settle order on notice.