Samuel Lipson and Another, Copartners, Doing Business under the Firm Name and Style of Lipson & Adelson, Appellants, *v.* Albert L. Feigenbaum and Others, Copartners, Doing Business under the Firm Name and Style of Peggy Dress Co., Respondents.

First Department, June 1, 1923.

**Trade marks and trade names — action to restrain use of plaintiffs' trade name in defendants' name — defendants established business near plaintiffs' place of business — temporary injunction granted.**

In an action to restrain the defendants from using as a part of their business name the word " Peggy," which word is a part of a registered trade name of the plaintiffs, a temporary injunction will be granted, where it appears that the plaintiffs used the name " Peggy Paige " in connection with dresses manufactured and sold by them; that subsequently said words were registered in the United States Patent Office as a trade mark; that thereafter the defendants commenced business under the firm name of " Peggy Dress Company " and conducted their business one block distant from that of the plaintiffs, and that immediately after defendants announced the formation of their firm plaintiffs sent them a formal notice demanding that they discontinue the use of the name " Peggy." The selection of this word, coupled with the location of defendants' business office in close proximity to that of the plaintiffs, where both are engaged in the same class of business, makes out a *prima facie* case requiring the granting of a temporary injunction.

Appeal by the plaintiffs, Samuel Lipson and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of November, 1922, denying plaintiffs' motion for a temporary injunction.

*I. Gainsburg,* attorney [*Harold R. Medina* of counsel; *I. Gainsburg* and *Joseph P. Segal* with him on the brief], for the appellants.

*Snitkin & Goodman,* attorneys [*Samuel R. Golding* of counsel; *Leonard A. Snitkin* with him on the brief] for the respondents.

Finch, J.:

This is an appeal from an order denying a motion made by the plaintiffs for a temporary injunction restraining the defendants from using the word " Peggy " as a part of their firm name in the business of manufacturing and selling ladies' dresses. The facts, in so far as necessary to indicate the grounds of this decision, briefly, are as follows:

The plaintiffs, between five and six years ago, commenced to use the name " Peggy Paige " in connection with the dresses they manufactured and sold, and by the use of a staff of skillful designers

combined with extensive advertising, succeeded in building up a favorable reputation and apparently developed an enormous business, not only in this country but in many foreign countries. In March, 1921, the words " Peggy Paige " were registered by the plaintiffs in the United States Patent Office for the use as a trade mark. In August, 1922, the defendants commenced business under the firm name of Peggy Dress Company, and took a place of business one block distant from the office of the plaintiffs. On August 10, 1922, the defendants gave out the first public notice of the formation of the defendants' firm, and within six days thereafter the attorney for the plaintiffs sent a formal notice to the defendants demanding that they discontinue the use of the name " Peggy " and calling attention to the violation of the plaintiffs' rights.

The defendants allege as the sole reason for the use of the name that it is short and that it would be unwieldy for them to use their joint names as a business firm. The defendants also allege that they have a personal following, and hence do not compete with the plaintiffs. No satisfactory reason thus appears for the use of this particular word among an almost unlimited choice. The selection of this word, coupled with the taking of the headquarters in such close proximity to that of the plaintiffs' when both are engaged in the same class of business, makes out a *prima facie* case requiring the granting of the motion. (*Lucile, Ltd., New York & Paris*, v. *Schrier*, 191 App. Div. 567; *Pansy Waist Co., Inc.*, v. *Pansy Dress Co., Inc.*, 203 id. 585.)

The defendants urge that the plaintiffs have no standing in a court of equity for the reason that they have been doing business under the name " Peggy Paige," in violation of section 440 of the Penal Law. It is not sufficiently established by this record that in addition to the use of such name as a trade mark the plaintiffs also have been doing business under this name.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.