Bush Terminal Company, Plaintiff, *v.* Bush Terminal Trucking Co., Inc., Defendant.

Supreme Court, Kings Special Term, July 7, 1924.

**Unfair competition — trade name — motion for injunction to restrain defendant from using words " Bush Terminal " in its trucking business — defendant's place of business on same street and in close proximity to plaintiff — " Bush " is family name of founder and head of plaintiff — no one of that name connected with defendant — motion for injunction granted.**

Plaintiff's motion for an injunction *pendente lite* to restrain the defendant from the use of the words " Bush Terminal " in connection with its trucking business should be granted where it appears that the defendant's place of business is on the same street and in close proximity to the plaintiff's place of business; that the general nature of defendant's business is the same as that of the plaintiff's trucking department; that there is nothing to indicate that the defendant could not carry on as profitable a business under some other name; that there is no peculiar association with the locality of plaintiff's place of business or in the name " Bush;" and that the word " Bush " is the family name of  the founder and head of  the business carried on by the plaintiff, while no one of that name is connected with the defendant.

Motion for injunction *pendente lite.*

*Harper A. Holt,* for the plaintiff.

*Kramer & Kleinfeld,* for the defendant.

Benedict, J.    This is a motion for an injunction *pendente lite* to restrain the defendant from using the words " Bush Terminal " in connection with its trucking business.    The plaintiff operates, and has for a considerable period operated, as part of its activities,

a trucking business. Defendant has recently commenced business under this name, and its place of business is situated on the same street and in close proximity to the place where plaintiff's trucking business is carried on. It is almost a matter of course to grant injunctive relief where the similarity of names is so clearly calculated to deceive the public, as it is in this case, especially where defendant has chosen a location so near that of plaintiff. See *Lipson* v. *Feigenbaum*, 205 App. Div. 701. It is not necessary to hold that the defendant had any dishonest intent. That is not a material fact. *T. A. Vulcan* v. *Myers*, 139 N. Y. 364; *Pansy Waist Co., Inc.*, v. *Pansy Dress Co., Inc.*, 203 App. Div. 585, 588. Neither is it material that it is not shown that customers of plaintiff have been deceived. *T. A. Vulcan* v. *Myers, supra; Lucile, Ltd., New York & Paris*, v. *Schrier*, 191 App. Div. 567. It is earnestly urged on the part of the defendant that it does not compete with plaintiff because plaintiff carries on business on a tonnage basis, while defendant hires its trucks out on a time basis. The general nature of the defendant's business is the same as that of the plaintiff's trucking department, and the difference mentioned is only as to the method of carrying it on. In the case relied on by defendant in that connection (*Corning Glass Works* v. *Corning Cut Glass Co.*, 197 N. Y. 173) the plaintiff and defendant were engaged in separate and distinct lines of business; the defendant confined itself to the manufacture of cut glass in which plaintiff had never engaged. The claim that plaintiff's trucking business is merely an incident to its other activities does not seem to be borne out by the papers. The plaintiff alleges that it solicits business from others than its tenants, and defendant's allegations to the contrary appear not to be founded on knowledge.

The case is very different from those in which it has been sought to restrain a person from using his own family name in connection with his business, because of the fact that he carries on a business similar to that of some other proprietor having the right to use the same family name. Certain cases relied on by the defendant are of this character. In *Chapman* v. *Waterman Co.*, 176 App. Div. 697; appeal dismissed, 221 N. Y. 637, the question was as to the right to use the name " Waterman " in connection with the manufacture and sale of fountain pens. In *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict*, 198 U. S. 118, the question involved was the right to use the name " Remington " in connection with the manufacture and sale of typewriters. In such cases it has been very properly held that a person cannot be prevented from using his own name in connection with his own business, whether carried on by himself, by a partnership of which he is a member, or by a

29

Supreme Court, July, 1924. [Vol. 123

corporation, provided it be done in a manner not calculated to deceive the public. In such cases mere similarity of name to that of some other concern engaged in the same line of business may not be enough to warrant an injunction. It is necessary to show in addition actual intent to deceive, or the use of the name in such a manner as would be likely to deceive. The defendant does not come within the doctrine of such cases. In fact there is nothing to show that the use of the words " Bush Terminal " as part of its name would in any legitimate way redound to its advantage. There is nothing to show that it could not carry on just as profitable a business under some other name. In the *Corning Glass Case, supra,* the name Corning was an advantage to the defendant, because the city of Corning had become known as a center of the glass manufacturing industry. The locality of the Bush Terminal has not, however, any such association with the trucking business. And it may be very properly observed that the word " Bush " is the family name of the founder and head of the business carried on by the plaintiff, while no one of that name is connected with the defendant.

The motion should be granted, with ten dollars costs. Settle order on notice.

Ordered accordingly.