FOURTH DEPARTMENT, MARCH, 1939.
(March 8, 1939.)

HARRY GERMANOW and JULIUS SIMON, Copartners Doing Business under the Name and Style of GERMANOW-SIMON MACHINE COMPANY, Respondents, Appellants, v. STANDARD UNBREAKABLE WATCH CRYSTALS, INC., Appellant, Respondent. — Judgment affirmed, without costs. Memorandum: That the defendant simulated the plaintiffs' catalogue and number system and issued a catalogue and comparative list so that its customers, if so inclined, might palm off on the public its crystals as and for the crystals of the plaintiffs and that such acts were an infringement of the plaintiffs' property rights and constituted unfair competition find support in the evidence. The fact that the palming off was to be done by the jeweler instead of the defendant is no defense. The vice lies in defendant's placing in the hands of its customers the means of defrauding the public. Direct proof of loss of business and of palming off are not essential to the maintenance of an action to restrain such practices. If there is reasonable probability, as there is here, that the means will be employed for the accomplishment of the purpose for which they were furnished that is enough. Plaintiffs have acquired no monopoly of the crystal industry and there is no danger of their acquiring one. ( *United States* v. *Whiting,* 212 Fed. 466, 468; Nims on Unfair Competition and Trademarks [3d ed.], pp. 5, 236, 239, 241, 242, 781, 872; *Searchlight Gas Co.* v. *Prest-O-Lite Co.,* 215 Fed. 692, 695; *International News Service* v. *Associated Press,* 248 U. S. 215, 236; *Brown* v. *Braunstein,* 86 App. Div. 499; *Charles Broadway Rouss, Inc.,* v. *Winchester Co.,* 300 Fed. 706, 715, 716, 723 [C. C. A. 2d 1924]; certiorari denied, 266 U. S. 607; *T. A. Vulcan* v. *Myers,* 139 N. Y. 364, 368; *Warner & Co.* v. *Lilly & Co.,* 265 U. S. 526, 530; *Fairbank Co.* v. *Bell Manufacturing Co.,* 77 Fed. 869, 878; *Schechter Corp.* v. *United States,* 295 U. S. 495, 532.) Since the jewelers do not display to their customers the crystal containers, envelopes or gauges of either party, it is not apparent how the plaintiffs could be damaged by the defendant's simulation and use of these articles. All concur. (The judgment restrains various trade practices of defendant, claimed to constitute unfair competition.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.