Fbank Del Vecohio, J.
This is an application pursuant to section 964 of the Penal Law of the State of New York to enjoin respondent from using the name “ Enchanted ” in connection with its amusement area business conducted under the name “ Enchanted Kingdom
Respondent makes a cross motion for an order dismissing the petition and temporarily restraining petitioner from using the name “ Enchanted ” in connection with its amusement area business conducted under the name ‘ ‘ Enchanted Forest ’ ’.
It appears that beginning in the year 1952 Mr. Cohen, now president of petitioner Old Forge Recreation, Inc., undertook preliminary planning for the establishment of an amusement area and later acquired land at Old Forge, New York, intending to develop a tourists’ attraction. He claims that after the site had been selected and while he was looking for someone to design the attraction he approached a number of people, among them Mr. Dame, now vice-president of respondent Enchanted Kingdom, Inc., for that purpose, but that he decided the latter’s ideas were impractical and lacked public appeal and thereafter had no further business with him except to show him the proposed site.
The name “ Enchanted Forest ” is one in which no one has a proprietary interest, being used in literature, the theatre and amusement areas in other States and Canada. Petitioner states that the name “ Enchanted Forest” was under consideration by him before he met Mr. Dame. In 1955 Russell Patterson, the well-known artist and designer, was hired to design the “ Enchanted Forest.” On February 1, 1956 the following item appeared in the New York Daily News in a column called “ Broadway ” by Danton Walker: “ Russell Patterson’s next *152 project will be a miniature Disneyland called the ‘ Enchanted Forest ’ at Old Forge, N. Y. It will cover 50 acres, cost approximately a million and should be ready this summer.”
Petitioner’s corporation was formed on April 4, 1956 and the amusement area was opened in the summer of 1956.
Petitioner points out that “ Enchanted Forest ” received widespread publicity throughout the United States and particularly in New York State; that it expended $30,000 in advertising through various media including newspapers, radio and television, that it developed a substantial tract and created valuable good will attracting thousands of customers to its area each month during the season from all parts of the United States and Canada, all of which has made “ Enchanted Forest” familiar to the public as signifying petitioner’s amusement area in the Adirondack Mountains and has given to it a secondary meaning.
Mr. Dame contends that he was the originator of the idea of erecting an amusement area in the Adirondacks under the name of “ Enchanted Forest ” but because of lack of funds the project was never developed by him; that in 1954 Mr. Cohen called on him for the purpose of discussing and buying his ideas; that he disclosed his ideas to Mr. Cohen and also selected the site now used by petitioner but was never paid for his title, ideas or selection of the site and intends to institute an action for breach of trust.
It appears that Mr. Dame incorporated “ Enchanted Forest, Inc.” on May 8, 1956 and “ Enchanted Kingdom, Inc.” on May 8, 1957. The former corporation never undertook any business but the latter opened an amusement area similar to petitioner’s in the summer of 1957 at Plattsburgh, New York, also in the Adirondack mountain area. On June 27, 1957 and again on August 14, 1957 petitioner wrote to respondent advising it immediately to desist from making use of the name ‘ ‘ Enchanted Kingdom ”, These letters were disregarded and respondent has continued to carry on its business under that name.
Although respondent’s area is about 140 miles from that operated by petitioner, distance is no defense; both attractions are in the area generally known as the Adirondack Mountains. (Matter of Bill’s Gay Nineties v. Fisher, 180 Misc. 721.) The fact that respondent was able to file its certificate of incorporation with the Secretary of State is not conclusive of its right to use the name “ Enchanted Kingdom”, nor does it justify such use if it is unfair. Neither does the previous filing by Dame of a certificate for “ Enchanted Forest, Inc.” give it an exclusive right to the use of “ Enchanted Forest ”, absent any *153 development or promotion thereof, such that it may succeed on its cross motion for an injunction against the petitioner. (Pansy Waist Co. v. Pansy Dress Co., 203 App. Div. 585; Material Men’s Mercantile Assn. v. New York Material Men’s Mercantile Assn., 169 App. Div. 843, affd. 224 N. Y. 670.)
Respondent argues that the word ‘‘ enchanted ” is a mere descriptive adjective and that when used with the “ forest ” of petitioner’s enterprise has a different connotation than when coupled with the “kingdom” of respondent’s undertaking. ‘1 Kingdom ’ ’, it is asserted, conveys an impression of a royal palace — of things substantially different from those included in petitioner’s “ Enchanted Forest” — and for this reason respondent should not be deprived of use of the common adjective “ enchanted The difficulty with this argument, however, is that — whatever impressions would ordinarily be created by the word “ kingdom ” — respondent’s area does not conform to those ideas but is in fact substantially identical to petitioner’s “ forest ”. A common right to use descriptive terms does not include a use which, in all the circumstances, is calculated to deceive. “ The test is whether resemblance is calculated to produce confusion as to identity and consequent damage. (American Steel Foundries v. Robertson, 269 U. S. 372.) ” (Eastern Constr. Co. v. Eastern Eng. Co., 246 N. Y. 459, 464.)
Respondent does not dispute the fact that petitioner publicized the name ‘ ‘ Enchanted Forest ’ ’ in connection with its area before the work on it was started, while the attraction was being erected and after it was opened to the public, all of which was at least one year before respondent opened its area and commenced publicizing the name “ Enchanted Kingdom ”; that it is conducting the same type of business in competition with petitioner and catering to the tourist trade in the Adirondack mountain area; that it has simulated petitioner’s attractions in the construction of its area and intends to advertise and issue brochures or pamphlets similar to those issued by petitioner; that it intends to sell souvenirs marked “ Enchanted Kingdom ” similar to those sold by petitioner marked “ Enchanted Forest ’ ’; that its area is so located that tourists traveling in certain directions would be attracted by its signboards before reaching petitioner’s area and, believing it to be petitioner’s attraction, would stop there instead of visiting petitioner’s enterprise, thereby resulting in decrease of business attendance at “ Enchanted Forest ”.
Petitioner claims all this creates confusion and is intended to deceive, which is denied by respondent; but intent to deceive *154 may be inferred in absence of justification. (Tiffany & Co. v. Tiffany Prods., 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482.)
In these circumstances the court is satisfied that the resemblance is calculated to produce confusion as to identity and consequent damage; that respondent gains an unfair advantage capitalizing upon the prestige, reputation, advertising and good will of petitioner; that it was not justified in choosing the name ‘ ‘ Enchanted ’ ’ in connection with its amusement area and has assumed, adopted and used a name which has acquired a secondary meaning in the Adirondack mountain area, with intent to deceive and mislead the public or that such is the likely effect of its use. (Fisher v. Star Co., 231 N. Y. 414; Santa’s Workshop v. Sterling, 282 App. Div. 328; Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300; Leader Enterprises v. Television Fashion Fair, 80 N. Y. S. 2d 186.)
In Forsythe Co. v. Forsythe Shoe Corp. (234 App. Div. 355, 558) the court said: “Almost invariably the selection by a defendant for use in his business of a trade name or mark which has theretofore been used and advertised by another, is for the purpose of appropriating its value and reaping the benefit of the labor of him who may have made that name an emblem of quality, or of taste, or a symbol of fair dealing. Equity does not shirk from interfering to prevent such spoliation. Names other than plaintiff’s there are in plenty which defendant could have selected.”
As was said in British-American Tobacco Co. v. British-American Cigar Stores Co. (211 Fed. 933, 935): “ If the defendant intends to deal fairly, it can do no harm to change its name; if it intends to use the name unfairly, it should be compelled to change it.”
The purpose of section 964 of the Penal Law is to protect the public from fraud and unfair trade'practice and provide for speedy and summary relief by authorizing the issuance of an injunction on affidavits alone, without a trial of the issues they raise, upon a showing that a corporation with intent to deceive has assumed, adopted or used a name which may deceive and mislead the public as to the identity of petitioner without proof that any person has in fact been deceived or misled thereby. (Matter of Julius Restaurant v. Lombardi, 282 N. Y. 126; Matter of Playland Holding Corp. v. Playland Center, supra.)
If Mr. Dame was the originator of the idea of 11 Enchanted Forest ” and disclosed it to petitioner in confidence with the expectation of being compensated therefor, he has a remedy in the action for damages he intends to institute. It does seem, *155 however, that this proposed litigation may be an afterthought and a product of the present proceeding, inasmuch as petitioner was permitted to advertise and operate its area for two seasons without the commencement of such suit and with no attempt by respondent to enjoin petitioner’s use of the name until after this motion was brought on.
In view of the foregoing, this court has come to the conclusion that respondent should be enjoined from using the word “ Enchanted ” in connection with its amusement area business conducted under the name “Enchanted Kingdom ”.
Accordingly, petitioner’s motion is granted and respondent’s cross motion is denied
Prepare order accordingly..