(101 App. Div. 296)

PEOPLE ex rel. COLUMBIA CHEMICAL CO. v. O'BRIEN, Secretary of State.

(Supreme Court, Appellate Division, Third Department. January 10, 1905.)

1. CORPORATION—NAME—INFRINGEMENT—REMEDY—CERTIORARI.
　　Where the Secretary of State permits a certificate of incorporation to be filed in his office in which the corporate name adopted so nearly resembles the name of an existing corporation as to be calculated to deceive, certiorari will not lie at the suit of the aggrieved corporation to review his action in permitting the certificate to be filed, there being relief in equity.

Certiorari by the people, on the relation of the Columbia Chemical Company, directed to James F. O'Brien, Secretary of State of the state of New York, commanding him to return to the office of the clerk of the county of Albany his proceedings, decision, and action in filing a

certificate of incorporation of the "Columbian Chemical Company," and in holding that such name is not so similar to that of "Columbia Chemical Company" as to bring it within the prohibition of section 6 of the general corporation law (Laws 1892, p. 1802, c. 687). Writ quashed.

The Columbia Chemical Company was duly incorporated in this state on the 17th day of March, 1902, and the object of such corporation is to manufacture, sell, and deal in chemicals. On the 16th day of February, 1904, there was filed and recorded in the office of the Secretary of State a certificate of incorporation of the Columbian Chemical Company. The object of such corporation is to purchase and sell drugs, chemicals, and chemical compounds of every name, nature, and description; to mix, compound, and prepare the same into medicines, remedies, and other forms for use and sale, and for other things. On the 25th day of February, 1904, the Columbia Chemical Company wrote to the Secretary of State, in which letter it states that it is informed that a certificate of incorporation has been granted to the Columbian Chemical Company to deal in chemicals; and it further says: "Is not this title so similar to that of the Columbia Chemical Co. as to bring it under the statute prohibiting the granting of such certificate. Awaiting your advice on this, we remain." On the 26th day of February, 1904, the Secretary of State replied to said letter, in which letter he acknowledged the receipt of the letter of February 25th, and further says: "We do not think the corporate title is so similar to that of your company as to bring it within the prohibition of section 6 of the general corporation law."

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

George B. & Edward Goldschmidt, for relator.

John Cunneen, Atty. Gen., and William W. Wood, Dep. Atty. Gen., for respondent.

Farrar & Becker, for Columbian Chemical Company.

CHASE, J. We are of the opinion that the name "The Columbian Chemical Company" so nearly resembles the corporate name of the relator that it is calculated to deceive, and that the Secretary of State should have refused to file and record the proposed certificate of incorporation. General Corporation Law, § 6 (chapter 687, p. 1802, Laws 1892, as last amended by chapter 9, p. 12, Laws 1902). The filing of the proposed certificate of incorporation is to effect an incorporation. General Corporation Law, § 6, supra. It is upon making, signing, acknowledging, and filing the certificate that a proposed corporation becomes a corporation. Business Corporations Law, § 2 (chapter 691, p. 2042, Laws 1892, as last amended by chapter 525, p. 1193, Laws 1903, and chapter 446, p. 1072, Laws 1904). Assuming that the certificate of incorporation of said the Columbian Chemical Company was filed in the proper county clerk's office on the same day that it was filed in the Secretary of State's office, said the Columbian Chemical Company has been an incorporated company since February 16, 1904. If we now cancel and revoke the filing and record of the certificate effecting its incorporation, we may complicate business transactions affecting not only the incorporators and stockholders, but also those who have done business with the corporation. In a case where the Secretary of State improperly determines that the name of a proposed corporation as stated in a certificate of incorporation presented to him for filing and record

is the same as the name of an existing domestic corporation, or that it so nearly resembles such name as to be calculated to deceive, and he refuses to file and record such proposed certificate, there may be no adequate remedy to the persons or corporations claiming to be aggrieved other than by a review of such determination by a writ of certiorari. In such case relief could be granted without complicating private interests. The remedy by certiorari is seldom, if ever, allowed where there is any other adequate remedy. Ency. Plead. & Prac. vol. 4, p. 50; Cyc. Law & Pro. vol. 6, p. 742; People ex rel. Schuylerville & Upper Hudson R. R. Co. v. Betts, 55 N. Y. 600; People ex rel. Gage v. Lohnas, 54 Hun, 604, 8 N. Y. Supp. 104; People ex rel. Trustees, etc., v. Board of Supervisors, 131 N. Y. 468, 30 N. Y. Supp. 488. Where a certificate is filed with the same name as that of an existing corporation, or where the name so nearly resembles that of the existing corporation as to be calculated to deceive, the action of the Secretary of State is not conclusive, and the courts have frequently, by a judgment in equity, granted relief to a prior corporation aggrieved. Cyc. of Law & Pro. vol. 10, p. 153; Am. & Eng. Ency. of Law, vol. 7, p. 689; Society of 1812 v. Society of 1812, 46 App. Div. 568, 62 N. Y. Supp. 355; Hygeia Water Ice Co. v. N. Y. Hygeia Ice Co., 140 N. Y. 94, 35 N. Y. Supp. 417; Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769.

The writ of certiorari should be quashed, without costs.  All concur.