Corning Glass Works, Appellant, *v.* Corning Cut Glass Company et al., Respondents.

**Trade names — construction and application of statute prohibiting a corporation from using the same name as another — when injunction will not be granted to restrain use of similar name.**

Whether a court will interfere on behalf of a person or corporation to prevent the use of the same or a similar name or designation by another person or corporation in a particular case is dependent upon the identity or similarity of the names and of the business carried on, how far the name is a true description of the article manufactured, the extent of the confusion which may be created or apprehended, and other circumstances which may justly influence the judgment of the court. Such relief will not be granted where the only confusion results from similarity of names and not from the manner of their use.

The Corning Glass Works, which was first organized, never engaged in the cutting of glass. The Corning Cut Glass Company was incorporated for the purpose of buying, manufacturing and dealing in cut and other kinds of glass; both companies carried on business in the city of Corning. The Corning Glass Works has not sustained any damage in its business from the acts of defendant or by its use of the name Corning Cut Glass Company. There is no identity in the business carried on. Defendant's name distinguishes the article it offers to the trade and there is no competition or rivalry between plaintiff and defendant. *Held*, that the plaintiff cannot acquire any exclusive right to use the name of the city in its title; that defendant is not within the inhibition either of the rule established by the decisions, or the statutory provision which prohibits the adoption in a certificate of incorporation of " the same name as a corporation authorized to do business under the laws of this state, or a name so nearly resembling it as to be calculated to deceive." (Gen. Corp. Law, § 6; Cons. Laws, p. 1319.)

*Corning Glass Works* v. *Corning Cut Glass Co.*, 126 App. Div. 919, affirmed.

(Argued December 6, 1909; decided January 4, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 16, 1908, affirming a judgment in favor of defendants entered upon the report of a referee.

This action was brought by the plaintiff to obtain an injunction, which should permanently restrain the defendant from

doing business under the name of the "Corning Cut Glass Co.", and to recover the damages sustained. The answer put in issue the allegations of the complaint, upon which the equitable relief was demanded. The case was tried before a referee, who made findings of fact, based upon the evidence. It appears therefrom that the plaintiff had been incorporated, in 1875, for the purpose of manufacturing glass and glass ware at Corning, in the state of New York. Its manufactures consisted in lantern globes, chimneys, tubing, bulbs and other articles made of glass, including " blanks " furnished to glass cutters for cutting, or engraving. The manufacturing of these " blanks " amounted to about ten per cent. of its total business and substantially all of them were sold to two firms, which were engaged in the business of glass cutting at Corning. The plaintiff has never engaged in the cutting of glass. The two firms mentioned sold their cut glass wares under distinctive trade marks, which had no reference whatever to the plaintiff, and the " blanks " furnished by the plaintiff to them constituted but a portion of what they used. The city of Corning, by reason of the extensive business carried on in the manufacture of glass wares, both plain and cut, had acquired a wide reputation with the public as a center for such products. Many concerns are engaged in the business and the name of the city is associated with glass manufactures. Some years after the plaintiff had established itself, the defendant, the Corning Cut Glass Company, was incorporated for the purpose of " buying, manufacturing, selling and dealing in cut and other kinds of glass ". It located its works in the town of Corning, at a short distance from the city ; in order to gain the advantage of the reputation enjoyed by that city, as a center of cut glass manufacture, and the adoption of its corporate name was with similar intention. The cut glass manufactured by the defendant does not come into direct competition with that manufactured by the firms, which have been referred to as cutting glass upon " blanks " furnished by the plaintiff, and the evidence does not show that they have suffered in their business by reason of any competition of the

defendant. The referee, also, found that the plaintiff has not sustained any damage in its business of manufacturing " blanks " from the acts of the defendant, or by its use of the name " Corning Cut Glass Company ".

Judgment was directed in favor of the defendant, dismissing the plaintiff's complaint, and that judgment has been affirmed by the Appellate Division, in the fourth department, by a divided court.

The plaintiff has further appealed to this court.

*Frederick Collin* for appellant. The similarity in the names of the corporate parties, under the facts showing their location, business, reputation and the conditions of the parties, is illegal and entitled plaintiff to judgment. (*C. S. Higgins Co. v. Higgins Soap Co.*, 144 N. Y. 462; *Society of War of 1812 v. Society of War of 1812*, 46 App. Div. 568; *Viano v. Baccigalupo*, 183 Mass. 160 ; *Celluloid Mfg. Co. v. Cellonite Mfg. Co.*, 32 Fed. Rep. 94; *Nat. Biscuit Co. v. Baker*, 95 Fed. Rep. 135; *People ex rel. Columbia Co. v. O'Brien*, 101 App. Div. 296; *Holmes v. Holmes*, 37 Conn. 278; *A. Assur. Co. v. A. Ins. Co.*, 112 N. W. Rep. 232; *L. K. G. Co. v. L. G. & M. Co.*, 120 Mich. 159; *T. A. Vulcan v. Myers*, 139 N. Y. 364.) The voluntary selection of the word " Corning" by defendants as a part of the corporate name is evidence of an intent to profit by plaintiff's trade reputation and mislead. Defendant has provided itself with all the means of accomplishing unfair trade. The intention to deal unfairly will be implied. (*Ball v. Broadway Bazaar*, 194 N. Y. 429 ; *A. Assur. Co. v. A. Ins. Co.*, 112 N. W. Rep. 232; *E. F. H. Co. v. E. R. Mfg. Co.*, 69 N. J. Eq. 159; *C. Ice Co. v. H. D. W. Co.*, 151 Fed. Rep. 10; *Shaw & Co. v. Pilling & Son*, 175 Penn. St. 78; *O'Grady v. McDonald*, 66 Atl. Rep. 175; *C. S. Higgins Co. v. Higgins Soap Co.*, 144 N. Y. 462; *D. Mfg. Co. v. T. Mfg. Co.*, 94 Fed. Rep. 651; *E. J. R. Tobacco Co. v. A. B. Tobacco Co.*, 151 Fed. Rep. 819; *Fuller v. Huff*, 104 Fed. Rep. 141.) The defendant corporation had not the right to create for itself,

by the adoption of a corporate name, the opportunity of passing off any of its products as plaintiff's. (*Fuller* v. *Huff*, 104 Fed. Rep. 141; *Orr, Ewing & Co.* v. *Johnson & Co.*, L. R. [13 Ch. Div.] 434; *Nat. B. Co.* v. *Baker*, 95 Fed. Rep. 135; *D. M. Co.* v. *T. Mfg. Co.*, 94 Fed. Rep. 651; *A., etc., W. Co.* v. *U. S. W. Co.*, 173 Mass. 85; *Viano* v. *Baccigalupo*, 183 Mass. 160; *French Republic* v. *S. V. Co.*, 191 U. S. 427; *Shaver* v. *Heller & Merz Co.*, 108 Fed. Rep. 821; *Thompson* v. *Montgomery* L. R. [41 Ch. Div.] 35; *N. C. & M. B. Co., Ltd.,* v. *M. B. Co.*, L. R. [App. Cas. 1899] 83; *I. C. Co.* v. *P. C. Co.*, 118 App. Div. 499; *Gebbie* v. *Stitt*, 82 Hun, 93; *P. W. F. M. Co.* v. *Eagle*, 86 Fed. Rep. 608.)

*James O. Sebring* for respondents. Upon no view of the evidence could there be a recovery by the plaintiff. (*D. M. Co.* v. *T. M. Co.*, 94 Fed. Rep. 651; Paul on Trade Marks, §§ 207, 208, 210, 215; *Coats* v. *M. T. Co.*, 149 U. S. 562; *G. Mfg. Co.* v. *E. B. T. Dry Goods Co.*, 104 Fed. Rep. 242; *Lee* v. *Haley*, L. R. [5 Ch. App.] 155; *Canal Co.* v. *Clark*, 13 Wall. 311; *H. S. Co.* v. *W. S. & Co.*, 198 U. S. 118; *A. W. Co.* v. *S. Mfg. Co.*, 103 Fed. Rep. 281; *Goodyear Rubber Co. Case*, 128 U. S. 604; *R. & B. Co.* v. *R. & M. Co.*, 8 N. Y. Supp. 52; *F. L. & T. Co.* v. *F. L. & T. Co.*, 1 N. Y. Supp. 44.)

GRAY, J. The dissent in the Appellate Division was upon the ground that the name adopted by the defendant is so similar to that of the plaintiff, as to be calculated to deceive and, in connection with the business carried on in the same locality, to amount to a fraud upon the latter. I think that the case has been correctly decided and that its facts do not afford support for the charge that the defendant has brought itself within the inhibition, either, of the rule established by the decisions, or of our statutory provision, which forbids the adoption, in a certificate of incorporation, of the "same name as a corporation authorized to do business under the laws of this state, or a name so nearly resembling it as to be calculated

to deceive." (Gen. Corp. Law, sec. 6; Cons. Laws, p. 1319.) The claim of the plaintiff to equitable relief by way of the injunction demanded is placed upon this ground: that the similarity between the names "is liable to produce confusion of business and to mislead those transacting business with either corporation", and "to create unfair trade". It is argued, in its behalf, that the defendant should be restrained from using the word "Corning", as part of its corporate name, and that its adoption was "the invasion of a legal right, which entitles the plaintiff to the injunction without regard to the question of intent, or damage." The difficulty with the plaintiff's case is that it has not been able to show that its business is interfered with by any competition on the part of the defendant. If its claim for relief is rested upon the notion that there is competition by the defendant, actual, or to be apprehended, with the business of the two firms, which take from it the glass "blanks" required for the making of cut glass, I think there are two answers. In the first place, it is inconceivable that it may maintain an action for the alleged protection of some of its customers, who are not complaining, and, in the second place, as matter of fact, these customers are found not to have been interfered with by any competition of the defendant. In result, the plaintiff's claim is reduced to this: that it is entitled to preventive relief, merely, because of a similarity in names, which is liable to create unfair trade, by reason of a possible confusion in the minds of those transacting business with either corporation, to its probable injury. If that were borne out by the facts, doubtless, the plaintiff would have a standing in court to protect itself against injury, reasonably, to be anticipated. If it be made to appear that there is real ground for a present apprehension of a future injury to a complainant's property, a court of equity will entertain the suit to quiet that apprehension. The defendant would have no right to establish itself as a rival manufacturer and, by imitation of name, to mislead the public into buying its manufactures, under the impression that they were buying those of the plaintiff. But that is not this case;

for, not only, is there lacking the element of identity in the business carried on, but the defendant's name, clearly enough, distinguished the kind of article it would offer to the trade. The evidence shows that the manufacture of cut glass is a distinct business; in which the plaintiff had not been, and was not, engaged.   Between the two concerns there has been no competition, nor rivalry; because each produces a distinct class of ware.   So far as the plaintiff claims any exclusive right to the use of the name of the city in its title, it is only necessary to say that it could acquire no property in it, which would entitle it to debar other manufacturers located there from using it; provided it is not used in the same verbal connection, or in such wise as to leave the business indistinguishable.   The name "Corning" identifies no particular business; but, at most, would suggest to the mind a great center of the glass industry.   The provision of our statute, in prohibiting the adoption of a name nearly resembling that of an existing corporation, and the rule of law, underlying the intervention by courts to restrain the simulation by one corporation of the name of a prior corporation, find their application, when it is plain that the business of the prior corporation would, or might, be obtained and thus the perpetration of fraud be made possible.   (*Chas. S. Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462; *Lee* v. *Haley*, L. R. [5 Ch. App.] 155.)   In *Lee* v. *Haley*, the plaintiffs claimed to have a property in the name of The Guinea Coal Company and sought to restrain the use by the defendant of the same name.   It was held that the plaintiff had no property in the name, and that "the principle upon which the cases upon this subject proceed is, not that there is property in the word, but that it is a fraud on a person who has established a trade, and carries it on under a given name, that some other person should assume the same name, or the same name with a slight alteration, in such a way as to induce persons to deal with him in the belief that they are dealing with the person who has given a reputation to the name."   The law of unfair competition rests on the principle that no person has the right to sell his own goods as

those of another by misleading the public.   The principle is one, primarily, to protect the party complaining and, but incidentally, the public who may deal with either.

The case in this court, which I have cited above, of *Chas. S. Higgins Co.* v. *Higgins Soap Co.*, and upon which the dissent below has been based, differs in very material respects from the case before us.   There, while the plaintiff's name did not describe its business, its product had come to be known to the trade as "Higgins Soap," and to the public the name of the product identified the manufacture of the plaintiff. The company was spoken of in the trade, to some extent, as the "Higgins Soap Company".   For fifty years the manufacture of Higgins Soap had been carried on ; at first by the father of Charles S. Higgins and then by the plaintiff, to which the business had been transferred.   Among the labels, transferred to and used by the plaintiff, was one containing the words "Higgins Soap" and the reputation of "Higgins Soap" applied to, and designated to the trade, the soap manufactured by the plaintiff and its predecessors.   Shortly after the plaintiff corporation had been organized, Charles S. Higgins, its president, severed his connection with it and formed a new corporation, under the name of the "Higgins Soap Company", and the action was brought to restrain the use of that name.   In this court, the plaintiff's claim was upheld, and very properly ; inasmuch as there had been a clear invasion of its rights, in producing confusion in the trade to its probable injury.   "As between these parties", as it was observed in the opinion, "the case is, we think, the same as if the word 'soap' was written into the plaintiff's name and its corporate designation was 'Chas. S. Higgins Soap Company'."   (p. 471.)   The rule was formulated, in our decision, that "whether the court will interfere in a particular case must depend upon circumstances ; the identity or similarity of the names ; the identity of the business of the respective corporations ; how far the name is a true description of the kind and quality of the articles manufactured or the business carried on ; the extent of the confusion which may be created or apprehended, and

other circumstances which might justly influence the judgment of the judge in granting or withholding the remedy." (p. 469.) Applying that rule, which was applied with perfect propriety to the circumstances of that case, to the facts of the present case, we are at no loss to perceive that the names of "Corning Glass Works" and of "Corning Cut Glass Company" are not similar to the extent of producing confusion, when intelligently observed, and the law does not justify interference in behalf of ignorant, or careless, persons.    The fact is patent, upon the evidence, that there had not been, and could not be, such confusion in the trade, with respect to the products of the two concerns, as that, for instance, the defendant would be asked for common glass and glass ware.    There is no competition between them and each seeks, and caters to, a different class of customers.    The plaintiff was not known to the trade as a manufacturer, or seller, of cut glass; while that was the defendant's sole business.    As it was said in *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict*, (198 U. S. 118), "Courts will not interfere where the only confusion results from a similarity of names and not from the manner of the use."

Enough has been said, in connection with the excellent and clear opinion of the referee, to justify the conclusion that the defendant, in the adoption of its corporate title, has not rendered itself amenable to the charge of seeking to mislead the public into the belief that its wares were the products of the plaintiff's manufacture, to the latter's serious damage.

I, therefore, advise the affirmance of the judgment.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment affirmed, with costs.