the actual publisher of the libel, for the purpose of establishing their connection with the publication, and showing that they knew the article to be false.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by John Mason against the New York Review Publishing Company. From an order granting a motion to vacate an order for examination of defendants before trial, plaintiff appeals. Order reversed, and order for examination modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Gerald B. Rosenheim, of New York City, for appellant.
Max D. Steuer, of New York City, for respondents.

DOWLING, J. This action is brought to recover damages for the publication of a libel concerning plaintiff in the New York Review. The amended complaint sets forth that the defendants, and each of them, caused to be printed and published the article complained of. This is denied by the answer of the respondents herein. An order for their examination has been vacated.

While the order might have permitted a wider scope of examination than was proper, plaintiff was undoubtedly entitled to examine the defendants as to the allegations set forth in the paragraphs of the amended complaint numbered "third" and "fifth"; for he cannot recover against the individual defendants unless he establishes their connection with the publication complained of, and to ascertain this he is entitled to question them, as well as the actual publisher of the libel. He is entitled as well to show, if he can, that defendants knew the article complained of to be false.

The order appealed from will therefore be reversed, with $10 costs and disbursements to appellant, and the order for the examination of respondents modified, by limiting it to the matters set forth in the paragraphs of the amended complaint numbered "third" and "fifth." All concur.

---

LOCKPORT CANNING CO. v. PUSATERI.

(Supreme Court, Equity Term, Niagara County. January 31, 1913.)

TRADE-MARKS AND TRADE-NAMES (§ 70*)—IMITATION OF NAME BY COMPETITOR—INJURY—INJUNCTION.

Plaintiff, the "Lockport Canning Company," being first in the field in the city of Lockport, commonly known as Lock City, in the business of canning tomatoes, the use by defendant, engaging there in the same business, in competition with it, of the name "Lock City Canning Company," is calculated to deceive customers, to plaintiff's injury, and will therefore be enjoined.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Lockport Canning Company against Rosario Pusateri for injunction. Judgment for plaintiff.

W. A. Gold, of Lockport, for plaintiff.
M. A. Federspiel, of Lockport, for defendant.

POUND, J.  The plaintiff, "Lockport Canning Company," a domestic corporation having its factory and principal place of business in the town of Lockport, Niagara county, N. Y., brings this action to restrain the defendant from using the name "Lock City Canning Company" under which the defendant is doing business in the city of Lockport, N. Y.  Both concerns are engaged in the business of canning tomatoes, and both sell to jobbers and wholesalers in the same field.  Lockport is commonly known as the Lock City, and is surrounded by the town of Lockport.

It is contended by defendant (a) that general terms appropriately descriptive of the business cannot be exclusively appropriated by any one; and (b) that a geographical name cannot be exclusively appropriated against others who can and do use the name with equal truth; and that, therefore, plaintiff is not entitled to preventive relief.  There can be no quarrel with the proposition that plaintiff has no exclusive right to the word "Lockport," and, as a separate and distinct proposition, no exclusive right to the word "Canning."  It does not follow that plaintiff has no exclusive right to the name "Lockport Canning Company" because other concerns may truthfully describe themselves as Lockport Canning Companies.  Such concerns may style themselves Lockport Companies or Canning Companies, with additional distinctive words of description; but it seems too clear for argument that plaintiff has the exclusive right to use the name "Lockport Canning Company" in connection with the business of canning tomatoes.

The substitution of the word "Lock City" for "Lockport" produces a name so nearly resembling the name of plaintiff as to calculate to deceive.  Thus it has been held that the name "Columbian Chemical Company" so nearly resembles the name "Columbia Chemical Company" that it is calculated to deceive.  People ex rel. Columbia Chemical Co. v. O'Brien, 101 App. Div. 296, 91 N. Y. Supp. 649.  This circumstance alone does not entitle the plaintiff to injunctive relief. Where there was no competition or rivalry between "Corning Glass Works" and "Corning Cut Glass Company," it was held that, as the only confusion to be apprehended resulted from similarity of names, defendant would not be restrained.  Corning Glass Works v. Corning Cut Glass Co., 197 N. Y. 173, 90 N. E. 449.  But here, from the use of the name "Lock City Canning Company" by a business rival of the plaintiff, injury may reasonably be anticipated, not from confusion due to mere similarity of name, but from the manner of using the name.  Plaintiff is the first in the field, and defendant has no right to establish himself as a direct competitor, catering to the same class of customers, and, by imitation of name, to mislead those dealing with him into buying his canned tomatoes under the impression that

they are buying those of the plaintiff. Corning Glass Works v. Corning Cut Glass Co., supra.

Plaintiff is entitled to judgment restraining defendant from the use of the name "Lock City Canning Company," with costs. Decision accordingly.