Matter of the Application of the BANK OF EUROPE for Authority to Change its Name to REPUBLIC BANK OF AMERICA.

(Supreme Court, New York Special Term, November, 1919.)

Banks — similarity of names — General Corporation Law, §§ 60, 63.

> Notwithstanding the statute (General Corporation Law, §§ 60-63) governing application by a banking institution for a change of its name makes no provision for intervention, the court, having inherent power to modify or vacate its own orders and judgments in the interest of justice, will grant a motion of the "Public National Bank of New York" to vacate an order permitting the "Bank of Europe" to assume the name of "Republic Bank of New York," on the ground that the public is liable to be deceived by the similarity of names.

MOTION to intervene and oppose change of name by a bank.

Phillips, Mahoney & Leibell (Jeremiah T. Mahoney and J. A. Hodge, of counsel), for petitioner.

Henry L. Moses (Charles L. Hoffman, of counsel), for Public National Bank.

DELEHANTY, J. The "Bank of Europe," by order heretofore made herein, was permitted upon *ex parte* application to assume the name of "Republic Bank of New York." "The Public National Bank of New York" seeks to intervene herein for the purpose of opposing the change of name of the petitioner and asks a vacatur of the order granting same. It is contended in the first instance that the court is without jurisdiction to entertain the motion in these proceedings, as the provisions of the statute governing application by a banking institution for a change of its name (Gen. Corp. Law, §§ 60-63) make no provisions

Supreme Court, November, 1919.        [Vol. 109.

for such intervention as is prayed for. While this is' so, yet courts of record always have inherent power to modify or vacate their own orders and judgments whenever required in the interest of justice. As was said in *Baldwin* v. *Mayor,* 42 Barb. 549: " It belongs to the inherent, essential powers of the supreme court to exercise so efficient a control over every proceeding in an action as effectually to protect every person, actually interested in the result, from injustice and fraud," and in *Matter of Abyssinian Baptist Church,* 13 N. Y. Supp. 919, the court affirmed the Special Term in revoking in a summary application an order changing the name of a religious corporation, although, as is there said, " there is no statutory provision giving the court that power." I have concluded therefore to allow the intervention prayed for, and will accordingly consider the objections raised to petitioner's change of name. It appears from the papers presented that both the banks in question appeal largely to European immigrants to this country for business. Many of these people are illiterate and unable to speak the English language. The Public National Bank of New York has been in existence since 1908, first as a state bank, and since 1917 as a national institution. It has a capital of $1,500,000, with deposits of $53,000,000, represented by over 100,000 depositors, while the capital of the Bank of Europe is $150,000, with deposits of about $4,500,000. Both banks have branches on the east side of the city within a radius of two and one-half miles of each other. It is claimed by the intervenor that the name of Republic Bank of New York so nearly resembles that of the Public National Bank of New York, consisting mainly of the prefix " Re " to Public, as to be calculated to deceive and confuse not alone the depositors of both banks, but also the public in general, and especially the class of people whose

patronage each contend for. As a concrete illustration thereof the intervenor has submitted proof that it is in receipt of a number of communications from various parts of the United States addressed to it as the Republic National Bank. But as I understand the decisions it is unnecessary to show that any one has actually been deceived by the similarity of names in question. It is the liability to deception that may occur therefrom, and if it is shown that injury to one's business is threatened or imminent by the use of a similar name under which business is done, the intervention of the court may be had to rectify the wrong. *T. A. Vulcan* v. *Myers,* 139 N. Y. 364, 367; *German-American Button Co.* v. *Heymsfeld, Inc.,* 170 App. Div. 416. In other words, the question for determination is, under the statute, whether there are reasonable grounds for concluding that the similarity between the titles of the two corporations is such as to mislead the public or produce confusion. In the circumstances it is most unfortunate that the Bank of Europe in its application to change its name did not select one other than it did; one which would have equally well described it and prevented the confusion and liability to deception which I think is so apparent. The dominating feature in the name of the intervenor is the word " Public," and in that of petitioner the same word, with the prefix " Re." The pronunciation of the two words is quite similar, and if, as claimed among trained bank officials, confusion has already arisen as to which is which, how much more readily will that apply to the general public, and especially to the unlettered patrons of the banks in question. I think there are enough facts presented to warrant the granting of the relief applied for.

Ordered accordingly.