In the Matter of the Application of THE ALBANY CITY SAVINGS INSTITUTION for Authority to Change Its Name to ALBANY CITY SAVINGS BANK.

(Supreme Court, Albany Special Term, October, 1921.)

Banks — similarity of names — power of court to modify order.

> Whenever the interests of justice so require courts of record have inherent power to modify their own orders and judgments.
>
> The name " Albany City Savings Bank " so nearly resembles that of " Albany Savings Bank " as to be calculated to deceive, and its use is open to reasonable objection.
>
> Where the petition of the " Albany City Savings Institution " for a change of its corporate name to " Albany City Savings Bank " has been granted, an application by the " Albany Savings Bank " incorporated in 1820, for leave to intervene and to vacate the order changing the name of the other bank, will be granted.

APPLICATION for intervention and for the vacating of an order changing the name of a corporation.

John A. Delehanty, for petitioner.

Tracey, Cooper & Savage (James F. Tracey, of counsel), for intervenor.

HINMAN, J. The petitioner by an order made June 11, 1921, has changed its name from Albany City Sav-

ings Institution to Albany City Savings Bank. This order went into effect July 12, 1921, and the new name has ever since been used.

The actual change of name entailed a considerable expense for new supplies of stationery, blank forms, etc., and considerable time has elapsed since the granting of the order and the making of the change.

I am satisfied, however, that the intervenor had no knowledge through any of its officers that the application had been made to the court until after the order was granted and that the delay in bringing the matter before the court until the August Special Term is not so chargeable to the intervenor as to warrant the denial of this application on the ground of laches.

I am also convinced that the application for intervention and for the vacating of the order granted should not be denied upon the ground of the damage which the petitioner will have suffered.

It seems to be settled also by decision and reason that the court is not without jurisdiction to entertain this motion but that courts of record always have inherent power to modify their own orders and judgments whenever required in the interest of justice. *Matter of Bank of Europe,* 109 Misc. Rep. 363.

The rule of the statute (Gen. Corp. Law, §§ 61, 63) regulating the change of names of corporations, is that a change of name may be authorized but that the assumed name " Must not be the name of any other corporation or a name so nearly resembling it as to be calculated to deceive;" and before authorizing it the court must be satisfied " That there is no reasonable objection to the change of name proposed."

It is my judgment that the name "Albany City Savings Bank " so nearly resembles the name "Albany Savings Bank " as to be calculated to deceive and that there is reasonable objection to the use of the name proposed.

The Albany Savings Bank, the intervenor herein, was incorporated under that name in 1820 and for over 100 years has used that name. The petitioner was incorporated in 1850 under the name of "Albany City Savings Institution" and for over 70 years has used that name. In 1874 the Albany County Savings Bank was incorporated and still exists under that name. All three of these banks have their places of business in the city of Albany and in close proximity to each other.

These names have been similar and unfortunately too similar for corporations operating in the same city and doing precisely the same business in competition with each other for the savings bank deposits of all classes of people, the educated and the illiterate, the citizen and the foreigner, the resident and the nonresident; but there was a distinctive difference in sound and sense that tended to prevent the serious deception in the mind of the public which is now threatened and existing.

It is claimed by the intervenor and not disputed by the petitioner that the popular name of the intervenor's bank has been "Albany Savings" and that the popular name of the petitioner has been "City Savings Institution;" that these two names have fairly indicated the distinction between the two banks in the popular mind and in current usage.

While I appreciate that the term "institution" was intended to convey only the idea of "a bank," its use in the name of petitioner was clearly calculated to produce a name so different in sound from that of the intervenor "The Albany Savings Bank" or that of the "Albany County Savings Bank" that it might well be said it was not so nearly resembling either as to be calculated to deceive. In fact it was not so calculated to deceive as the name "Albany

Supreme Court, October, 1921.      [Vol. 116.

County Savings Bank '' when compared with ''Albany Savings Bank.'' The word '' institution '' was not intended to convey any sense other than '' bank '' but it was the judgment of the trustees of the petitioner that it has so tended to convey a different idea to the mind of the public, it has retarded the growth and prosperity of their bank and for that very reason they have desired to abolish its use. It seems to me that the very argument for the change is the best argument for denying the application, when it means that the word which has given distinctive character to the old name for seventy years, both in sound and sense, is to be eliminated, leaving a name which duplicates that of the objector with the exception of the word '' city.''

Is the use of the word '' city '' sufficiently distinctive? I think not. The word ''Albany '' is geographically identified with both a county and a city. In a geographical sense it has only this two-fold aspect. We have an Albany County Savings Bank and an Albany Savings Bank at the present time. Is it not a natural supposition, likely to arise in the minds of all except those well informed on the subject that if one of these banks is the Albany County Savings Bank, the other is the Albany City Savings Bank? It seems clear to me that in the situation already existing here there is every reason why even persons ordinarily well informed might easily think of the Albany Savings Bank as the Albany City Savings Bank as distinguished from Albany County Savings Bank; that ''Albany City '' and ''Albany '' are synonymous and indicate the same municipality. In other words the word '' city '' as the sole distinguishing word would furnish no contrast in sense between the two names under dispute here, unless the attention has been distinctively called to the fact that there are two banks

instead of one, whereas the use of the word " institution " in the past has produced a contrast of sound as well as of sense. The changed name of "Albany City Savings Bank " I believe is calculated to produce confusion in the minds of intelligent persons and I cannot satisfy my mind that there is no reasonable objection to its use.

When I passed upon the question before, the application was *ex parte.* While I have lived all my life in Albany and have been observing enough to know the names of the banks in question here, it did not occur to me at the time that there was an Albany Savings Bank; and it might well be argued that the situation was calculated to deceive and did deceive even the court. How then can I say that the public generally, in the city and out, literate and illiterate, are not likely to be confused and misled?

The affidavits before me citing instances of confusion in the minds of people going to the intervenor's bank, in telephone calls, in delivery of mail, express packages and telegrams, etc., since the change of name, furnish a basis of experience which confirms my views of what might reasonably be expected to result.

Even Mr. Hackett, the president of the petitioner, in his letter of July fourteenth, to Mr. Townsend, the president of the intervenor, speaking for the trustees of the petitioner, does not defend the new name as presently distinctive in quality but only as likely to become such in the course of time, for he says, " It was the sentiment expressed (by the Board of Trustees) that as time rolled by it would be found that our present name (Albany City Savings Bank) would not in any way be confused with that of Albany Savings Bank or with any other savings bank in this locality."

The statute, however, does not permit the court to

indulge the expectation that by a process of education of the public, the new name will be less and less calculated to deceive. It can only interpret the statute as requiring a determination as to the present effect of the change. Nor am I satisfied to conclude with the board of trustees of the petitioner that even time will eradicate the confusion so likely to result from the use of two names so nearly synonymous and so clearly indicating to the average mind the same municipality.

I can appreciate the reluctance with which the petitioner would abandon the words "Albany City Savings" which have been part of its corporate title for over seventy years and also the desirability of substituting the word "bank" for "institution." These facts are indicative of the good faith of the petitioner in seeking to adopt the name in question. It is not amenable to the charge of seeking to mislead the public; but the court is not able, because of sympathy for the petitioner in the dilemma in which it finds itself, to afford the relief sought by it, where the fair rights of a senior competitor in precisely the same business and in the same municipality are involved. I believe, too, that the dilemma of the petitioner which has brought forth this application for change of name, has had a tendency to blind its judgment as to the consequences fairly to be anticipated to the detriment of its own business as well as that of the intervenor.

I think there are enough facts presented to warrant the granting of the relief applied for. The order granting such relief may be settled on notice.

Ordered accordingly.