GREAT ATLANTIC AND PACIFIC TEA COMPANY, Plaintiff, *v*. A. & P. MEAT MARKET, INC., Defendant.

Supreme Court, New York County, August 28, 1930.

*Charles H. O'Connor* [*Michael J. O'Neill* of counsel], for the plaintiff.

*Alexander Bloch*, for the defendant.

SHIENTAG, J.   This is a motion for an injunction *pendente lite* enjoining and restraining the defendant A. & P. Meat Market, Inc.,

its agents, servants and employees, from using in any shape, form or manner either the designation " A. & P. Meat Market, Inc.," or the characters " A. & P." or any similar designation or similar characters or letters, whether surrounded by a circle or not, upon or in conjunction or connection with the operation of a certain retail meat market or butcher shop situated at No. 1438 Second avenue, New York city. Plaintiff, the Great Atlantic and Pacific Tea Company, claims that it has been engaged for a great many years in the business of selling at retail stores conducted by it in cities and towns all over the United States groceries, fruits and vegetables, and in some of its stores for the past five or six years plaintiff has operated a meat market. The stores operated by the plaintiff have been designated as " A. & P." stores, by displaying upon the show windows the design consisting of a red circle with a red bar immediately underneath, in the center of which circle is the designation " A. & P." in rather large letters, while beneath it in small letters is " established 1859." Below the circle in the red bar is the slogan " Where Economy Rules." Plaintiff claims that the use of the characters " A. & P." as designated constitutes a trade name or designation of all its retail markets, and that the name " A. & P." has become widely known to the general public and that persons using the stores or markets habitually think of them as " A. & P." stores or markets.

In April, 1930, the defendant A. & P. Meat Market, Inc., within three blocks of one of the plaintiff's retail grocery stores and within twelve blocks of one of the general markets conducted by plaintiff, caused to be placed upon its windows large and conspicuous signs reading respectively " A. & P. Meat Market, Inc.," and " Meat A. & P. Market, Inc." At the present time there is being operated a delivery automobile upon which there are signs reading " Meat A. & P. Market, Inc." The characters " A. & P." are almost identical in shape and design with similar characters which are used by plaintiff. There is evidence in the affidavits that the public is being confused and thinks that it is trading with the Great Atlantic and Pacific Tea Company when it goes into defendant's shops. The defendant says that the letters " A. & P." are not used with any idea of deceiving the public, but represent the first names of the wife of the defendant and the defendant. I am satisfied from an examination of the exhibits that there is an attempt to deceive the public by the use of the letters " A. & P."

Defendant, however, urges numerous objections to the granting of an injunction in this case. The first is that subdivision 1 of section 440 of the Penal Law (as amd. by Laws of 1929, chap. 58) makes it a misdemeanor for any business firm to conduct business

under a trade name without filing a certificate showing such trade or assumed name. It is conceded that the Great Atlantic and Pacific Tea Company has not filed a certificate showing such assumed name. However, subdivision 4 of that section reads: " This section shall in no way affect or apply to any corporation duly organized under the laws of this state, or to any corporation organized under the laws of any other state and lawfully doing business in this state. * * *" Moreover, the plaintiff is not doing business under the name " A. & P." It is merely claimed that its public knows it as an " A. & P." store or market, and that the good will which goes with its nickname is what the defendant is attempting to deprive plaintiff of. I think defendant's point is not well taken. (See *Lipson* v. *Feigenbaum*, 205 App. Div. 701.)

The further objections of the defendant are that there is no similarity of names. But there is, as plaintiff claims, an identity of common designation or nickname. As to defendant's claim that there is no unfair competition against the plaintiff, it seems perfectly clear that, however small the trade, if the public thinks that it is buying from the Great Atlantic and Pacific Tea Company by defendant's misrepresentations and deceptions, if there were any thing wrong with the products sold in the shop of defendant, the good will of the plaintiff might be very seriously injured, and the fact that the nearest of plaintiff's markets is twelve blocks away is no reason to believe that there is no competition between them. The very purpose of naming the market " A. & P. Meat Market, Inc.," is to make the public think that they are dealing with plaintiff in this precise location. There is nothing to show that the public would not go the necessary twelve blocks in many cases to trade with plaintiff. The excuse that the defendant is using abbreviations of the names of the husband and wife of the defendant is insufficient. As was said in *Waterman Co.* v. *Modern Pen Co.* (235 U. S. 88, at p. 94): " It now is established that when the use of his own name upon his goods by a later competitor will and does lead the public to understand that those goods are the product of a concern already established and well known under that name, and when the profit of the confusion is known to and, if that be material, is intended by the later man, the law will require him to take reasonable precautions to prevent the mistake." The mere fact, in other words, that the defendant is a late comer is enough to put him under a disability. It is conceded on all sides that the defendant should take reasonable precautions to avoid confusion, " to prevent the mistake." (Handler & Pickett, Trade-Marks & Trade Names, 30 Columbia Law Review, 198.)

In view of these facts the motion for an injunction *pendente lite is* granted. Settle order.