ROCHESTER SAVINGS BANK, Plaintiff, *v.* ROCHESTER SAVINGS AND LOAN ASSOCIATION, Defendant.

Supreme Court, Monroe County, April 8, 1939.

*Harris, Beach, Folger, Bacon & Keating,* for the plaintiff.

*Seth G. Widener,* for the defendant.

VAN VOORHIS, J. The Rochester Savings Bank brings this action upon the ground that the name of the defendant, Rochester Savings and Loan Association, is confusingly similar to its own. The complaint demands that defendant be permanently enjoined from doing business under that name or under any imitation of the name of the plaintiff.

Actions of this nature relate to unfair competition and hinge upon whether such similarity in fact exists as to appropriate a portion of the good will of one concern to the use of another. Both parties are established financial institutions in the city of Rochester. Plaintiff was organized in 1831, since when it has been continuously engaged in business until its resources amount to $67,000,000. The same is true of the defendant except that it was organized in 1886 under the name of Profit Loan Association which was changed in 1936 to Profit Savings and Loan Association, and was changed again on August 1, 1938, to Rochester Savings and Loan Association. Its resources are $2,000,000. When this action was commenced plaintiff had been known under its present name for one hundred seven years and six months, and the defendant had been known under its present name for less than six months.

Does the defendant's name have a tendency to create the impression among its customers and among those who are likely to become its customers that it is connected with the plaintiff? Defendant asserts that it is required by law (Banking Law, § 375, subd. 1) to use the words " savings and loan association," and that " Rochester " is a geographical term properly descriptive of any organization in the city. On the other hand, plaintiff maintains that during its long and successful career the words " Rochester Savings " have become associated in the minds of the public with its own institution, and that use of them by the defendant necessarily involves conversion of part of its good will.

Ordinarily business rivalry is not subject to judicial control, but that does not mean that one can capitalize upon the reputation of others by sailing under their colors. No one can acquire an exclusive right to the use of geographical terms, yet they cannot be employed so as to mislead the public. " So far as the plaintiff claims any exclusive right to the use of the name of the city in its title, it is only necessary to say that it could acquire no property in it which would entitle it to debar other manufacturers located there from using it; provided it is not used in the same verbal connection, or in such wise as to leave the business indistinguishable." (*Corning Glass Works* v. *Corning C. G. Co.*, 197 N. Y. 173, 178.) " Common right to use geographical or descriptive terms; even individual right to use one's own name does not include a use which is calculated to deceive." (*Eastern Const. Co.* v. *Eastern Engineering Co.*, 246 N. Y. 459, 463; *Lockport Canning Co.* v. *Pusateri*, 79 Misc. 293; affd., 161 App. Div. 911, POUND, J.; *Herring-Hall-Marvin Safe Co.* v. *Hall's Safe Co.*, 208 U. S. 554.)

In spite of their differences in form of incorporation, both parties get their business by appealing to the same types of people, and are popularly regarded as engaged in the same occupation and are easily confused by customers of average intelligence. Both are known as engaged in receiving savings deposits and in making loans upon real estate. They are for " all classes of people, the educated and the illiterate, the citizen and the foreigner, the resident and the non-resident." (*Matter of Albany City Savings Institution*, 116 Misc. 561, 563; affd., 200 App. Div. 843.) In fact the safety and simplicity with which they are used as depositories are held out as inducements to those who lack the training and insight to make investments elsewhere. The difference between being a depositor and a share certificate holder may be obvious to lawyers and financiers but is not necessarily so to the average individual who thinks of each institution as a place where he can keep his money safely and get it when he wants it. An inexperienced person who has dealt only with a savings and loan association may assume that its system does not differ from that of a savings bank, and that had he gone to a savings bank he would have become a certificate holder there also. In *Eastern Const. Co.* v. *Eastern Engineering Co.* (*supra*) it was pointed out that the identity of corporations bidding for public contracts was not likely to be confused by professional architects and engineers, but the court added: " The defendant does not seek the patronage of the wayfarer whose purchases are often dictated by hasty impression rather than inspection and consideration " (p. 464). This case comes within the distinction.

It is not essential that plaintiff show specific instances where confusion has arisen (*Matter of Bank of Europe*, 109 Misc. 363;

affd., 191 App. Div. 905; *German-American Button Co.* v. *Heymsfeld, Inc.*, 170 id. 416, 421), but the evidence shows instances that "furnish a basis of experience which confirms my views of what might reasonably be expected to result." (*Matter of Albany City Savings Institution*, 116 Misc. 561, 565; affd., 200 App. Div. 843.) Those decisions are controlling here.

The action of the Superintendent of Banks in granting permission to use the name is not conclusive. (*People ex rel. Columbia Chemical Co.* v. *O'Brien*, 101 App. Div. 296; *Pansy Waist Co.* v. *Pansy Dress Co.*, 203 id. 585; *Matter of Bank of Europe, supra; Matter of Albany City Savings Institution, supra.*)

*New York Trust Co.* v. *New York County Trust Co.* (125 Misc. 735; affd., 215 App. Div. 699), relied on by defendant, was an application for an injunction *pendente lite*. It was denied as was a similar application in the instant case. Before the action came to trial the defendant voluntarily changed its name to County Trust Company of New York, and the action was discontinued upon filing its stipulation to that effect. It would be simple for Rochester Savings and Loan Association to adopt as its name "Savings and Loan Association of Rochester," or "Rochester Profit Savings and Loan Association," and thus avoid confusion. It suggests no such solution. On the contrary, it displays a sign at its place of business a block and a half away from plaintiff's featuring the words "Rochester Savings." The simple fact, whether defendant intended it so or not, is that the name has a tendency to deceive customers of average intelligence into thinking that defendant is identified with plaintiff. That ought to be and is decisive. (*Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462; *Lockport Canning Co.* v. *Pusateri*, 79 Misc. 293; affd., 161 App. Div. 911; *Material Men's M. Assn.* v. *New York M. M. M. Assn., Inc.*, 169 id. 843.)

A special reason has been presented on account of which care should be taken to avoid confusion. The banking holiday of 1933 emphasized the effect of rumors in producing runs on banks. Defendant has power to elect to suspend payments to customers for sixty days after receiving notice of intention to withdraw. It can do so without violating any legal obligation. That privilege was exercised by similar associations during the crisis in 1933. The inference is not overdrawn that if defendant should suspend payments during a time of financial stringency it might cause a run upon the Rochester Savings Bank. The special emphasis given to the words "Rochester Savings," which are understood by the public to designate the plaintiff, could easily aggravate the result. It is incorrect to say that abbreviations of names commonly used by the public are not to be taken into consideration. That may

be true in certain cases where generic terms are involved but is not true universally nor in this instance. As to the abbreviation " A. & P.," see *Great A. & P. Tea Co.* v. *A. & P. Meat Market, Inc.* (138 Misc. 224); *Material Men's M. Assn.* v. *New York M. M. M. Assn., Inc. (supra,* at p. 846). The popular abbreviation " Albany Savings " was regarded as significant in *Matter of Albany City Savings Institution (supra,* p. 563).

Attention has been drawn to the fact that from 1877 to 1913 there was in existence an institution known as " Rochester Savings and Loan Association." It was dissolved in the latter year. Defendant does not claim to have succeeded to any of its rights but asserts that inasmuch as no attempt was made to suppress the use of that name then, the defendant's name cannot be suppressed now. The former organization appears to have been smaller than the defendant. The fact that no action was taken against it does not bar the present suit. (*Tiffany & Co.* v. *Tiffany Productions, Inc.,* 147 Misc. 679; affd., 237 App. Div. 801; affd., 262 N. Y. 482.) The same rule is true of the fact that savings and loan associations and savings banks bearing names similar to each other exist in other cities. Whether local conditions distinguish their situations from the one in Rochester does not appear, nor whether injunction actions would be barred by laches or the Statute of Limitations. Local popular names may differentiate them as was the case at one time in Albany where " Albany Savings " and " City Savings Institution " were held fairly to indicate a distinction in current usage. (*Matter of Albany City Savings Institution, supra.*) It does not follow that the courts should refuse to act in this case for the reason that their aid has not been invoked in others. (See, also, *International Trust Co.* v. *International Loan & Trust Co.,* 153 Mass. 271; 26 N. E. 693.)

A permanent injunction may issue restraining the defendant from using the name of Rochester Savings and Loan Association or any imitation of the name of Rochester Savings Bank. The injunction will not operate retroactively so as to compel defendant to alter the name upon records of past transactions with customers nor will it require defendant to interrupt its business during a reasonable time in which to apply for and effectuate a change of name.