Arthur D. Brennan, J.
In this action, the plaintiff, a resident of this county, seeks an injunction and an award of consequential damages alleged to have been sustained as a result of alleged unfair competition in the defendant’s use of the name “ The Wakefield Co., Inc.”
After a trial of the issues herein, this court finds that the plaintiff and his predecessors in title first established themselves in the household paint and wallpaper business in the Wakefield section of The Bronx and they have always done business under the name of “ Wakefield Paint Supply Co.” or ‘ ‘ Wakefield Paint Supply”. Substantial sums have been regularly expended by the plaintiff in advertising his said business name and the paints and wallpaper sold by him therein. The defendant also maintains its place of business in the said Wakefield section and since 1952 it has been and still is incorporated under its present name. Prior to 1952, the defendant’s predecessors in title were also located in the same section and they did business there under the name of “ The Wakefield Co.” Until about three years ago, the defendant and its predecessors were engaged, for the most part, in the business of selling auto paints, polish, cleaners, finishes, tools and accessories. In and since 1954, the defendant expanded its business so as to emphasize the sale of household paints and wallpaper.
*1038 Prior to the aforesaid expansion, no conflict or confusion occurred, there being a substantial difference in the principal products advertised and sold by the parties hereto. However, the proof shows that since said expansion, confusion has resulted from the similarity in the business names of the parties and the merchandise sold by them. Although the defendant denies that such confusion has occurred, this denial may not stand, for it appears that the defendant itself recently placed an advertisement (in a neighborhood church bulletin) which contained the statement that said defendant had no connection with the plaintiff’s business. In this regard, it may be noted that in order to sustain a prayer for injunctive relief in a case of this character, it is not essential that the plaintiff show specific instances of confusion or that the defendant intended to infringe upon the plaintiff’s business name, but where the parties are dealing in the same or substantially similar products, it is sufficient that the similarity of names has a tendency to deceive or mislead persons of average intelligence; and proof that confusion has already resulted is merely evidence of the liability to deceive. (T. A. Vulcan v. Myers, 139 N. Y. 364; Higgins Co. v. Higgins Soap Co., 144 N. Y. 462; German-American Button Co. v. A. Heymsfeld, Inc., 170 App. Div. 416; Rochester Sav. Bank v. Rochester Sav. & Loan Assn., 170 Misc. 983.)
In the said cited cases, it was held that an exclusive right may be acquired in the name in which a business is carried on, whether by an individual, a partnership or a corporation and that where, as here, the products sold are similar, such name will be protected against infringement by another who assumes the same name or one similar thereto for the purposes of deception or even when innocently used to the detriment of the one who has first established the business name in the subject field; Nor does the fact that the distinctive and similar features of both plaintiff’s and defendant’s names consist of a geographical name or a combination of geographical names deprive the plaintiff of the right of protection. (See, e.g., German-American Button Co. v. A. Heymsfeld, Inc., supra, p. 420; Lockport Canning Co. v. Pusateri, 79 Misc. 293, affd. 161 App. Div. 911; Rochester Sav. Bank v. Rochester Sav. & Loan Assn., supra.) While it is true that no one can acquire an exclusive right to the use of a geographical term, yet such a term cannot be employed by a competitor so as to mislead the public. In Corning Glass Works v. Corning Cut Glass Co. (197 N. Y. 173), our Court of Appeals stated the rule at page 178, where it held: “ So far as the plaintiff claims any exclusive *1039 right to the use of the name of the city in its title, it is only necessary to say that it could acquire no property in it, which would entitle it to debar other manufacturers located there from using it; provided it is not used in the same verbal connection, or in such wise as to leave the business indistinguishable.” (Emphasis supplied.)
As stated above, the products now sold by the parties hereto are similar, and the fact that the defendant also sells other merchandise with which the plaintiff’s business does not compete, does not bar the right to injunctive relief. (Cf. German-American Button Co. v. A. Heymsfeld, Inc., supra.) Cf. course, the defendant has a perfect right to sell, and advertise that it sells, household paints and wallpaper. But so long as it sells these products, it should and will be restrained from using and advertising its present name. However, if the defendant desires and chooses to assume, use and advertise a new name containing the geographic location " Wakefield ” in said new name, it may do so, provided such new name also includes some additional word, words or phrase which, when used in connection with said location, will distinguish it from the plaintiff’s business name.
With respect to the plaintiff’s claim for consequential damages, the same should be and is denied, for the plaintiff has not established any actual damage to his business and further, it appears and this court finds that the defendant did not intend to infringe on the plaintiff’s business name but that said infringement occurred as a result of the afore-mentioned expansion of the defendant’s business.
The foregoing shall constitute the decision of the court, pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice. No costs are allowed.